Argued February 10, modified April 19, 1977

# CLARKE'S TRUCKING CO., *Respondent,*
## *v.*
# LAND MANAGEMENT SERVICES, INC., *Appellant.*
## (No. 74 5389, SC 24432)

562 P2d 976

Jill E. Golden, of Sanders, Lively & Wiswall, Springfield, argued the cause and filed briefs for appellant.

Alan L. Schneider, of Barber & Schneider, Eugene, argued the cause for respondent. With him on the brief was Raymond J. Bradley, of Bradley & Haws, Eugene.

Before Denecke, Chief Justice, and Holman, Lent and Mengler, Justices.

PER CURIAM.

**PER CURIAM.**

The trial court found for the plaintiff in this action for trucking charges for hauling wood chips for defendant.

The controversy was over the rate to which the parties agreed. Plaintiff contended the parties agreed on a rate published in a tariff. On defendant's objection, the trial court excluded an offered copy of the tariff. The plaintiff's representative then was permitted to testify that the tariff provided for a rate of 56 cents per hundredweight on a net load based on a 46,000 pound minimum for a 160-mile haul, and that the defendant's agent agreed to pay that rate. Defendant contends the trial court erred in admitting this testimony because it was hearsay and violated the best evidence rule.

■■ Testimony that defendant agreed to the rate of 56 cents per hundredweight is an admission of a party and not subject to the hearsay exclusion. Neither is the admission of the testimony violative of the best evidence rule. One reason it is not violative is that there was no document evidencing the agreement. The plaintiff's agent's testimony was to the effect that defendant agreed the rate was to be 56 cents per hundredweight, not that the defendant agreed to whatever the published tariff rate was.

Defendant also contends there was no evidence to support the trial court's determination of the amount owed plaintiff.

■ Defendant contends the rate was uncertain. There was evidence, however, supporting the construction the trial court put on the rate.

The trial court accepted the plaintiff's bookkeeper's calculations. These were based upon the assumption that each load carried a minimum of 46,000 pounds and, therefore, at 56 cents per hundredweight, the charge per load was $257.60.

[ 155 ]

The testimony was that the 56 cent per hundredweight charge was based upon a 160-mile haul. Defendant contends there is no evidence that plaintiff traveled 160 miles in making these hauls charged at this rate. Assuming this was necessary, there was such evidence. Defendant's exhibit states the hauls for which this rate was charged were each for 166 miles.

Defendant also contends there was no evidence that the loads each carried a minimum of 46,000 pounds. There was evidence from which the trial court could have inferred this. The testimony was that the billings were prepared from various documents, including receipts slips on which the weight of each load was indicated.

■ Defendant also contends the amount of the judgment is in error because of an arithmetical error by the trial court.

Plaintiff asserts that this error cannot be considered because the defendant did not object to the trial court's finding in this amount. The cases relied upon by plaintiff, such as *Thompson, Georgeson, Inc. v. Ward,* 240 Or 429, 400 P2d 557 (1965), have been legislatively overruled by ORS 17.431(6). It provides, "Requests for findings or objections to findings are not necessary for purposes of appellate review."

We can determine from the trial court's computations in the record that the judgment should be $29,810.10 instead of the judgment entered in the sum of $30,810.10. Contrary to defendant's further contention, there was evidence to support this amount. There was not, however, uncontradicted evidence of another error in computation as alleged by defendant. We, therefore, remand with directions to the trial court to enter judgment in the amount of $29,810.10. *Bunting Tractor v. Roy L. Houck Sons',* 253 Or 517, 522, 454 P2d 651 (1969).

The judgment is modified. Costs to the defendant.