Argued and submitted February 27, affirmed June 9, reconsideration denied July 10, petition for review allowed September 16, 1980

FALK, et ux,
*Plaintiffs,*
*v.*
AMSBERRY, et ux,
*Defendants.*

AMSBERRY, et ux,
*Third Party Plaintiffs-Respondents,*
*v.*
LARSEN,
*Third Party Defendant-Appellant,*

(No. 74-5251, CA 14025)

612 P2d 328

David Brewer, Eugene, argued the cause and filed the briefs for appellant. With him on the briefs was Lombard, Gardner, Honsowetz, Johnson & Brewer, Eugene.

Michael W. Doyle, Eugene, argued the cause and filed the brief for respondents. With him on the brief was Bick & Monte, P.C., Eugene.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

This is an appeal by the third party defendant,[1] Norman L. Larsen, from a judgment entered against him in favor of the third party plaintiffs, Larry M. Amsberry and Nancy A. Amsberry, in an indemnity action involving a grass seed crop. We affirm.

This is the second time that this case has been before the appellate courts of Oregon. *See Falk v. Amsberry,* 279 Or 417, 569 P2d 558 (1977). We borrow the background facts from the Oregon Supreme Court opinion.

The plaintiffs, Everett H. Falk and Phyllis R. Falk, were grass seed farmers. For several years the Falks had leased 76 acres of farm land from the third party defendant, Norman L. Larsen. It was an oral lease with cash rent to be paid at the end of each crop year on October 1. The lease was to terminate if Larsen sold the land. In the fall months of 1971 the Falks seeded approximately 60 acres to a perennial grass crop and the balance of the land to an annual grass crop. In August 1972 the third party plaintiffs, the Amsberrys, began to negotiate with Larsen to purchase the 76 acres. The Falks discussed with the Amsberrys the possibility of leasing the property if the Amsberrys bought it. In September and October 1972 the Falks reseeded the annual grass, treated the perennial grass with weed killer and fertilized the entire property.

The contract of sale of the 76 acres from Larsen to the Amsberrys was executed on or about November 15, 1972. The negotiations for a new lease between the Falks and the Amsberrys broke down in the early part of 1973. When the 1973 grass crop became ripe the Amsberrys had it harvested and sold.

---

[1] The third party complaint named Lorenz Realty, Inc., as a party defendant. The trial court sustained Lorenz Realty's demurrer to the third party complaint. The third party plaintiff did not plead over. The case proceeded with Norman L. Larsen as the sole defendant.

In October 1974 the Falks filed the original complaint in this case against the Amsberrys seeking damages under ORS 91.310 (farm tenant's right to emblements). The trial court directed a verdict for the Amsberrys, but the Oregon Supreme Court held that the Falks were the owners of the 1973 grass crop and reversed and remanded. *Falk v. Amsberry, supra.*

In April 1978, after the entry of the mandate on the return of the case to the circuit court, an order was entered allowing the Amsberrys to file a third party complaint against Larsen seeking indemnity for the amount of any judgment entered in favor of the Falks. In November 1978 a stipulated judgment in the amount of $12,000 was entered for the Falks and against the Amsberrys. The judgment was paid.

The case based on the Amsberrys' third party complaint and Larsen's answer was tried to the court without a jury. The court found for the Amsberrys and a judgment was entered against Larsen for the sum of $12,000.

Larsen has appealed to this court contending that the Amsberrys have not plead or proven a cause of action for indemnity.[2]

---

[2] The Amsberrys, citing *Hendrix v. McKee,* 281 Or 123, 575 P2d 134 (1978), assert that Larsen's "objection on the grounds of insufficiency of evidence has not been preserved as a question on appeal," because Larsen did not challenge the sufficiency of the evidence in the trial court by a motion the equivalent of a motion for a nonsuit or directed verdict as required in jury trials.

Larsen answered by stating that *Hendrix v. McKee, supra,* did not require him to test the sufficiency of the evidence in the trial court. That case says in footnote 2:

"* * * It has long been the rule in this state that unless a party makes a motion for nonsuit or for a directed verdict at trial, he cannot complain on appeal that there was insufficient evidence to support a verdict against him. *See, e.g., Verret Construction Co. v. Jelco Inc.,* 280 Or 793, 795, 572 P2d 1029 (1977), and cases cited therein.

"While the decided cases have involved jury trials, some members of the court see no good reason not to apply this salutary rule to law cases tried to the court. * * *"

"This extension of the general rule, however, does not comport with present practice, * * * "

Larsen did not demur to the Amsberrys' third party complaint in the trial court. He has raised the sufficiency of the complaint for the first time in this court.

> "In assessing the sufficiency of the complaint when first attacked after judgment, we are committed to a liberal construction in favor of the plaintiff, so that the complaint will be upheld if possible. *Politte v. Vanderzee,* 256 Or 461, 473 P2d 1013 (1970)." *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 214, 493 P2d 138 (1972).

The Amsberrys contend that their complaint states a cause of action for either express or implied indemnity. The elements for an action for indemnity are enumerated in *Fulton Ins. v. White Motor Corp., supra,* 261 Or at 210:

> "* * * [T]he claimant must plead and prove that (1) he has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation ought to be discharged by the latter."

The Amsberrys' third party complaint alleged: Larsen sold the Amsberrys 76 acres of land "bearing grass or seed, without reserving from the sale the crop planted thereon." (a copy of the land sale contract was attached to the complaint as an exhibit and was incorporated by reference); Larsen did not have title to the crop and in fact Falks owned it; the Falks have sued

---

This court in *Baldwin v. Miller,* 44 Or App 371, 606 P2d 629, *rev den* (1980), said for "the reasons stated in *Hendrix v. McKee, supra,* we hold that an appropriate motion addressed to the trial court is essential to preserve" the right to test the sufficiency of the evidence on appeal. *See also* former ORS 18.230 and Oregon Rules of Civil Procedure, Rule 54 B (2).

Therefore, we do not consider Larsen's assignment of error as to the sufficiency of the evidence.

Larsen has also assigned as error the trial court's finding him liable for indemnity "because the 1973 crop was constructively severed from the land prior to consummation of the 1972 land sale." Larsen does not tie this assignment of error to any particular ruling by the trial court. There were no special findings. The trial court entered a general finding for the Amsberrys. To consider this assignment of error we would necessarily be required to review the evidence. This we will not do for the reasons set forth above.

the Amsberrys for the loss of the grass crop. Pursuant to a mandate from the Oregon Supreme Court a judgment was entered on behalf of the Falks against the Amsberrys. Larsen is liable to the Amsberrys for the amount of the judgment entered in favor of the Falks against the Amsberrys.

The Amsberrys argue that the third party complaint satisfies the elements of the above test in *Fulton Ins. Co. v. White Motor Corp.* because it will permit proof that Larsen covenanted to sell them the 76 acres without encumbrances, that the Falks' emblement rights constituted an encumbrance and, therefore, Larsen should reimburse them. The Amsberrys rely on *DeCarli v. O'Brien,* 150 Or 35, 46, 41 P2d 411 (1935), where it was said: "A covenant against encumbrances is a contract of indemnity."

A "covenant" is defined as "any words in a writing under the hand * * * of a person importing an agreement." *The Texas Co. v. Butler et al,* 198 Or 368, 373,256 P2d 259 (1953).

An "encumbrance" is defined as follows in *Estep v. Bailey,* 94 Or 59, 64, 185 P 227 (1919):

> " 'An "encumbrance" is a burden on land which depreciates its value, as a lien, easement, or servitude, and includes "any right to or interest in the land which may subsist in third persons, to the diminution of the value of the land, but consistent with the conveyance of the title" ': 2 Words and Phrases, Second Series, p. 1018."

The contract of sale[3] from Larsen to the Amsberrys contains the following provision:

---

[3] The express covenants of warranty in the sales contract from Larsen to Amsberry are all contingent upon the payment of a part or all of the balance of the purchase price.

Larsen covenanted that upon the full payment of the purchase price that he would deliver to the purchasers a good and sufficient warranty deed and a title insurance policy. A release provision provided for "an immediate Warranty Deed conveyance of two acres upon payment of $1,000 of the total purchase price over and above the monthly payments * * *."

*"POSSESSION:*

"The Buyers shall be entitled to possession of the above described property as of the 27th day of October, 1972, and the Seller agrees that the Buyers may retain such possession so long as they comply with the terms of this agreement."

We hold that the allegation of the above provision granting the Amsberrys' possession of the property without excluding the 1973 grass seed crop is sufficient to allege a covenant against encumbrances and, therefore, the third party complaint states a cause of action in indemnity.

Affirmed.