Argued and submitted November 4, 1980, remanded April 7, 1981

FALK et ux,
*Plaintiffs,*
*v.*
AMSBERRY et ux,
*Defendants,*
AMSBERRY et ux,
*Third Party Plaintiffs-Respondents,*
*v.*
LARSEN,
*Third Party Defendant-Petitioner,*

(No. 74-5251, CA 14025, SC 27142)

626 P2d 362

David Brewer, Eugene, argued the cause and filed briefs for petitioner. With him on the briefs was Lombard, Gardner, Honsowetz, Johnson & Brewer, Eugene.

Michael W. Doyle, Eugene, argued the cause and filed briefs for respondents. With him on the brief was Bick & Monte, P.C., Eugene.

Before Tongue, Presiding Chief Justice, and Howell,** Lent, Linde, Peterson, and Tanzer, Justices.

TANZER, J.

----

**Howell, J., retired November 30, 1980.

**TANZER, J.**

This is a third party action by third party plaintiffs (Amsberrys) against third party defendant (Larsen) for indemnity involving a grass seed crop. Plaintiffs in the original action (Falks) were grass seed farmers who for several years leased farmland from Larsen for growing a grass seed crop. The oral lease between the Falks and Larsen provided for termination of the lease if Larsen sold the land. Larsen began to negotiate for the sale of the land to the Amsberrys in August, 1972, and a contract of sale from Larsen to the Amsberrys was executed on November 15, 1972.

Prior to the sale and during the negotiations, the Falks seeded and cultivated a new grass seed crop, but failed to obtain a continued lease of the land under the Amsberrys' ownership. When the Amsberrys harvested and sold the grass seed crop after assuming ownership of the land, the Falks, after appeal to this court in *Falk v. Amsberry,* 279 Or 417, 569 P2d 558 (1977), obtained a judgment against the Amsberrys under ORS 91.310 (farm tenant's right to emblements). On remand the Amsberrys, in a trial to the court, obtained a judgment against Larsen on their third party complaint seeking indemnity for the amount of any judgment entered against them in the Falks' original complaint.

On appeal, Larsen's second assignment of error contended the evidence was insufficient to establish a duty to indemnify. His third assignment challenged the trial court's holding that he was liable "because the 1973 crop was constructively severed from the land prior to consummation of the 1972 land sale." The Court of Appeals treated his second and third assignments of error as attempts to question the sufficiency of the evidence to establish the third party plaintiff's case and refused to consider either assignment because Larsen had failed to make an appropriate motion to the trial court testing the sufficiency of the evidence. Larsen petitioned for review of this refusal.

## I

We allowed review to consider whether a party in a civil action tried to the court without a jury must make an

appropriate motion testing the sufficiency of the evidence in the trial court in order to preserve the issue for appellate review. The Court of Appeals' refusal to consider the assignments of error was based upon its prior decision, *Baldwin v. Miller,* 44 Or App 371, 606 P2d 629 (1980), in which it adopted the requirement of such a motion in order to preserve the issue for appellate review. A basis for its decision was our dicta in *Hendrix v. McKee,* 281 Or 123, 575 P2d 134 (1978). In *Hendrix,* the plaintiff lost a non-jury trial and appealed, contending there was no evidence to support the trial court's judgment. We noted the value of requiring such a motion but did not impose it on the facts of that case:

> "We might well inquire initially whether this assignment is properly before this court. It has long been the rule in this state that unless a party makes a motion for nonsuit or for a directed verdict at trial, he cannot complain on appeal that there was insufficient evidence to support a verdict against him. *See, e.g., Verret Construction Co. v. Jelco Inc.,* 280 Or 793, 795, 572 P2d 1029 (1977), and cases cited therein.

> "While the decided cases have involved jury trials, some members of the court see no good reason not to apply this salutary rule to law cases tried to the court. Its application would have the effect of requiring a litigant to apprise the trial judge of this contention. Upon an unfavorable ruling, the sufficiency of the evidence could be tested upon appeal. The appellate process is predicated upon the aggrieved party's establishing an *error* on the part of the trial judge. It is patently unfair to charge such error without having given the judge the opportunity to avoid it. It is incumbent upon a party who believes he should prevail on the evidence, *as a matter of law,* to advise the trial court of this belief prior to submission of the factual issues for resolution. Failure to do so should deprive that party of his right to test the sufficiency of the evidence upon appeal. Just as is the motion for a directed verdict, this is, in effect, a demurrer to the evidence. The motion where there is no jury might take the form of a motion for judgment as a matter of law. *See* 89 CJS Trial § 594.

> "This extension of the general rule, however, does not comport with present practice, and defendant has not raised the issue; therefore, we need not yet decide it." (Original emphasis.) 281 Or at 125, n 2.

*See also American Petrofina v. D & L Oil Supply,* 283 Or 183, 185, n 1, 583 P2d 521 (1978). This case, unlike *Hendrix,* squarely presents the issue because the Court of Appeals opinion expressly adopted and applied this rule of appellate cognizance.

We now hold that in civil cases tried to the court without a jury, a litigant may not raise the sufficiency of the plaintiff's evidence on appeal unless he has asserted the legal insufficiency of the evidence in the trial court. Although previous decisions by this court applying this rule have all involved cases tried to a jury, e.g., *Columbia Truck Sales, Inc. v. Humphrey,* 281 Or 705, 707, 576 P2d 373 (1978); *Verret Construction Co. v. Jelco, Inc.,* 280 Or 793, 795, 572 P2d 1029 (1977); *Wood Ind'l Corp. v. Rose,* 271 Or 103, 105-106, 530 P2d 1245 (1975); *Shmit v. Day,* 27 Or 110, 116-117, 39 P 870 (1895), there are good reasons why the same rule should be applied in civil cases tried to the court.

Our imposition of this requirement in jury-tried cases was a specific application of the general rule of appellate procedure that an appellate court will not consider a question on appeal unless it has been first presented to and ruled upon by the lower court. The rule reflects the function of appellate review to correct errors of the trial court. Under this general rule no error has occurred where no ruling has been made by the court or requested by the litigant.

The reasons for requiring a motion testing the sufficiency of the plaintiff's evidence in a jury trial as a condition for considering the sufficiency of the evidence on appeal apply with equal force in civil actions tried to the court. Lack of proof of a necessary fact may be overlooked if not brought to the attention of the trial court. An appropriate motion may allow the trial court to avoid entry of an erroneous judgment if the necessary proof cannot be supplied, thus preventing appeals and retrials on that basis. The trial court's ruling may specify whether the ruling is on the weight of the evidence or due to a failure of proof, thus enabling the appellate court to identify and distinguish errors of law justifying a reversal of the judgment from resolution of questions of fact on which the trial court's judgment is conclusive.

The trial involved in this appeal occurred prior to January 1, 1980, the effective date of the Oregon Rules of Civil Procedure and the repeal of the prior statutory rules of civil procedure. Under both the new and old rules, there are procedures available whereby a litigant can test the sufficiency of the evidence and preserve the error, if any, for appeal. Two devices — a motion for involuntary nonsuit due to insufficiency of evidence authorized by former ORS 18.230[1] and a motion for directed verdict — were available to test the legal sufficiency of the plaintiff's evidence in jury trials under prior statutory rules of civil procedure. *See, e.g., Verret Construction Co. v. Jelco,* 280 Or 793, 795, 572 P2d 1029 (1977), and cases cited therein. The new Oregon Rules of Civil Procedure eliminated the motion for involuntary nonsuit for insufficiency of the evidence in jury trials. ORCP 60, instead, permits a party in a jury case to test the legal sufficiency of the evidence by motion for directed verdict at the close of the evidence offered by an opponent or at the close of all the evidence.

Former ORS 18.230 also permitted the defendant in a non-jury law action to move for and obtain a judgment of involuntary nonsuit due to insufficiency of the plaintiff's evidence. ORCP 54(B)(2) now permits a defendant to test the legal sufficiency of the plaintiff's evidence in any civil action tried to the court:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment of dismissal with prejudice against the plaintiff, the court shall make findings as provided in Rule 62."

A defendant in a civil action tried to the court therefore has the procedural means to test the legal sufficiency of the plaintiff's evidence under the rules of civil procedure. We now hold as a requirement for appellate

---

[1] Repealed by Oregon Laws 1979, ch 284, § 199.

cognizance that such a motion under ORCP 54(B)(2), or a timely equivalent assertion, to the trial court is essential to preserve the issue of sufficiency of evidence for appellate review.[2]

Because there was no such assertion in the trial court, this case presents no opportunity to elaborate on what would constitute "a timely equivalent assertion." It is sufficient for this case to note generally that we refer to any procedure by which, as with a motion for judgment of dismissal under ORCP 54(B)(2), a party asserts to the trial court, at a time when the trial court can take appropriate action, that the moving party is entitled to prevail as a matter of law because there is no evidence from which the court can find a fact which is essential to the case of the opposing party. Although we do not now require that the assertion be in the form of a motion for judgment of dismissal under ORCP 54(B)(2) because our holding relates to appellate cognizance rather than trial practice, such a motion is obviously a safe course for the preservation of such an error on appeal.

Larsen argues that former ORS 17.431(6)[3] (now ORCP 62(E)), which eliminated the requirement of objections to special findings, prohibits our adoption of this requirement. The short answer is that ORS 17.431(6) applied only to special findings, *see Clarke's Trucking v. Land Management,* 278 Or 153, 156, 562 P2d 976 (1977), whereas this case involves a general finding.

We therefore hold that the Court of Appeals propounded a correct rule of law, but we do not believe it fair to have applied it to bar consideration of Larsen's second and third assignments of error in this case. Rather, we conclude that the rule requiring an assertion testing the sufficiency

---

[2] We mean to effectuate the existing rules by explaining the means for preserving error under them. We are mindful that ORS 1.735, adopted by the legislature in 1977, gives to the Council on Court Procedures authority, formerly exercised by the legislature directly, to promulgate rules governing pleading, practice and procedure in all civil proceedings. The section expressly withholds authority to promulgate rules of appellate procedure.

ORS 1.002(1) continues to authorize the Supreme Court to make rules appropriate to the exercise of administrative authority and supervision over the courts of the state, but expressly withholds authority to make rules of civil procedure.

[3] Repealed by Oregon Laws 1979, ch 284, § 199.

of the evidence in order to preserve the issue for appellate review should not be applied in this case.

## II

▮    In refusing to consider Larsen's contentions, the Court of Appeals relied upon its previous decision in *Baldwin*, which was decided nearly a year after this case was tried in 1979. The only statement of an Oregon appellate court on this point at the time of trial was the dicta in *Hendrix v. McKee, supra,* later adopted as law in the *Baldwin* case. Although we suggested in *Hendrix v. McKee, supra,* that a requirement of a motion testing the sufficiency of the evidence in a court tried case as a precondition to appellate review might be useful, we noted that application of the rule in cases tried to the court "does not comport with present practice." *Hendrix* at 125 n 2. A reading of *Hendrix* would have indicated to litigants at the time this case was tried that they need not make any special motions testing the sufficiency of plaintiffs' evidence in cases tried to the court in order to raise the insufficiency of the evidence on appeal although the probability of future change was certainly signalled by our dictum. In contrast, the *Baldwin* case established a definite procedure for litigants to follow, which had not yet been imposed by any Oregon appellate court at the time of trial. Under these circumstances, it was error for the Court of Appeals to apply the new procedural requirement to this case tried prior to its adoption.

Ordinarily, we do not apply a new procedural requirement to cases tried prior to its adoption to the detriment of litigants who have justifiably relied on the overruled precedent. For example, in *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975), we refused to apply a change in the law of res judicata, which would have required litigants to bring claims on an express contract and for the reasonable value of services in the same action or be barred, because we were "unable to determine whether or not [the] plaintiff relied upon" the prior state of the law in bringing separate actions. In *Conachan v. Williams,* 266 Or 45, 511 P2d 392 (1973), we adopted a new pleading requirement, contrary to precedent, concerning allegations of lost wages and future earning capacity impairment. The new rule was not applied to the detriment of any party in

*Conachan,* because the plaintiff had complied with the new requirement. In contrast, in *Holder v. Petty,* 267 Or 94, 514 P2d 1105 (1973), we refused to apply the *Conachan* pleading against a litigant who had not complied with the new pleading rules, because the case had been filed and tried prior to announcement of the *Conachan* rule. *See also Hawes v. Taylor,* 246 Or 32, 423 P2d 775 (1967); *cf. Godell v. Johnson,* 244 Or 587, 418 P2d 505 (1966).

The cases discussed above indicate our reluctance to prejudice litigants by applying new pleading or trial practice requirements to cases tried before the announcement of these requirements. Because the petitioner's case was tried before the decision in *Baldwin* and because our comments in *Hendrix v. McKee* were only dictum, petitioner's second and third assignments of error must be considered to have been adequately preserved for review on appeal.

We decline to reach the merits of these assignments of error because they were not urged, briefed or argued in this court by the parties. Nor were they considered by the Court of Appeals. Therefore, they are not in an appropriate posture for review. We remand the case to the Court of Appeals for consideration of petitioner's second and third assignments of error.

**LENT, J.,** concurring.

I concur in the opinion of the court authored by Tanzer, J. I write separately with respect to the matters described in footnote 2 and only to note and preserve for an appropriate time my objections to the legislature either directly or through its creature, the Council on Court Procedures, providing the rules of civil procedure for the courts of this state. Because the issue is not before us in this case, I shall not set forth my position in the detail which would be required were the matter in issue here. For the moment, I suggest a reading of Arizona Chief Justice Cameron's article, *The Place for Judicial Activism on the Part of a State's Highest Court,* 4 Hastings Const L Q 279 (1977).