Argued and submitted May 18, 1983, affirmed as modified on appeal and cross-appeal
January 25, 1984

## FALCON HOLDINGS, LTD.,
*Appellant-Cross-Respondent,*

*v.*

## ISAACSON et al,
*Respondents,*
## JOHNSTON et ux,
*Respondents-Cross-Appellants.*

### (16-79-09727; CA A25187)

675 P2d 501

Harold D. Gillis, Eugene, argued the cause and filed the briefs for appellant - cross-respondent.

Rohn M. Roberts, Eugene, argued the cause for respondents - cross-appellants. With him on the brief was Adkins & Roberts, Eugene.

Herb Lombard, Eugene, argued the cause for respondents. On the brief were Kurtis M. Lombard and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff leased from defendants Johnston 90 acres of rural property with a residence. The term of the lease was from February 1 through December, 1979, and the lease contained an option for plaintiff to buy the property for $265,000. Plaintiff paid the Johnstons $25,000 for the option, which could only be exercised between October 1 and December 21, 1979, "if tenant is not then in default." After plaintiff took possession, it began extensive work on the property, which resulted in the filing of two construction liens on the property by defendants Isaacson and Kronberger.

On September 13, 1979, the Johnstons, believing plaintiff to be in default in monthly rental payments, sent plaintiff a notice of intent to terminate the lease. On September 21, they advised plaintiff that it was in default by permitting liens to be filed against the property. On October 10, 1979, they filed an FED action. Plaintiff filed this action for declaratory relief on October 15, 1979, prior to the resolution of the FED, seeking a determination that it was not in default under the lease, that the Johnstons could not refuse plaintiff's exercise of the option and that the lien claims filed by Isaacson and Kronberger should be expunged from the records.

The FED action resulted in a jury verdict in favor of plaintiff (the defendant in the FED). Thereafter, this case was tried to the court, which determined that: (1) the Johnstons' declaration of default was premature and ineffective; (2) plaintiff had violated the terms of the lease option in permitting liens to be placed on the property, and (3) the option is valid, but conditioning plaintiff's exercise of it on plaintiff's bringing the periodic payments to a current basis, removing the liens and exercising the option within 60 days of June 2, 1982. Plaintiff appeals, and the Johnstons cross-appeal from this order.

■ Plaintiff's first assignment is that the trial court should have held that the Johnstons are collaterally estopped by the determination in the FED proceeding from asserting that plaintiff had defaulted on the lease by allowing liens to be placed on the property. Even if we accept that argument, the result would be no different from that reached by the trial court, which held that the Johnstons' declaration of default

was premature and that the lease option was still valid. Accordingly, if there was error, it was harmless.

■  Plaintiff's second assignment is that the trial court erred in imposing the conditions on its exercise of the option. Plaintiff asserts that in this declaratory judgment proceeding the only relief it sought against the Johnstons was the declaration of non-default under the lease. Apparently, plaintiff would have us hold that it has the right to exercise the option without any time limitation and without requiring a release of the liens, which, as discussed below, attach to the owners' interest in the property. Plaintiff has sought what has historically been equitable relief. To obtain that relief, it must do equity. The period during which the option was to be exercised under the agreement has expired, so a reasonable time must be established by the court. Although the 60 days allowed by the trial court was reasonable, that time has also gone by, and the judgment must be modified accordingly.

■  Plaintiff also contends that the judgment in the FED action precluded the trial court in this proceeding from requiring plaintiff to remove the liens prior to its exercising the option. However, the judgment in the FED only decided the rights of the parties at the time that that action was filed. It cannot justify plaintiff's failure to remove the liens on the property forever, in violation of an express lease provision. All the conditions imposed on plaintiff's exercise of the option are reasonable and are within the issues framed. As indicated above, the time within which the conditions must be fulfilled must be modified.

■  Plaintiff's third assignment is that the trial court erred in awarding defendants Isaacson and Kronberger money judgments against plaintiff. Its basic contention is that, because there was no prearranged contract price and because neither Isaacson nor Kronberger presented any evidence that the time that they spent was reasonable, there was insufficient evidence to sustain a judgment on a quantum meruit theory. No such objection was made below, and we will not consider it for the first time on appeal.[1] *Falk v. Amsberry*, 290 Or 839, 626

---

[1] Plaintiff cites no such objection, and defendants Isaacson and Kronberger affirmatively argue in their brief that no such objection was made. We decline to search the record to determine whether any objection was actually made.

P2d 362 (1981); *Brown v. D2S Resources,* 61 Or App 8, 656 P2d 946 (1982), *rev den* 294 Or 682 (1983). We affirm that portion of the judgment awarding defendants Isaacson and Kronberger a money judgment against plaintiff.

Finally, plaintiff contends that the trial court erred in ordering foreclosure of the liens of Isaacson and Kronberger against plaintiff's interest. However, the final foreclosure decree did *not* grant foreclosure against plaintiff's interest; rather, it granted money judgments against both plaintiff and the Johnstons and authorized foreclosure of the liens in the amounts of the judgments. Although we perceive no reason why plaintiff's interest in the property should not be subject to foreclosure, the final decree did not authorize it; plaintiff's assignment is without merit.

■ On cross-appeal, the Johnstons contend, first, that the trial court erred in entering a personal judgment against them in favor of Isaacson and Kronberger. They point out that the letter opinion of the court awarded a money judgment in favor of Isaacson and Kronberger against plaintiff only. When the proposed judgment and decree was submitted, it provided for judgment against the Johnstons as well. Their objection to that part of the proposed judgment was sustained. Notwithstanding its ruling, the final judgment entered by the court provided for a personal judgment against the Johnstons. Our review of the record satisfies us that the Johnstons are correct and that the trial court's entering a personal money judgment against them was a clerical mistake resulting from oversight. We also conclude that awarding a personal money judgment against the Johnstons was error. There is no evidence that defendants Isaacson and Kronberger had any contractual relationship with the Johnstons, and there is no evidence of any other basis on which personal liability for the work performed by them could be imposed on the Johnstons. Accordingly, the judgment is modified to delete the personal money judgment in favor of Isaacson and Kronberger against defendants Johnston.

■ The Johnstons' second assignment of error is that the trial court erred in foreclosing the construction lien of Isaacson and Kronberger against their interest. There is no evidence that the Johnstons were the persons who caused work to be done on the land so that their interest would be

subject to foreclosure under ORS 87.015. Therefore, Johnstons' interest can only be foreclosed under the provisions of ORS 87.030, which provides:

> "Every improvement except an improvement made by a person other than the landowner in drilling or boring for oil or gas, constructed upon lands with the knowledge of the owner shall be deemed constructed at the instance of the owner, and the interest owned shall be subject to any lien filed * * * unless the owner shall, within three days after he obtains knowledge of the construction, give notice that he will not be responsible for the same by posting a notice in writing to that effect in some conspicuous place upon the land or the improvement situated thereon."

There is no evidence, and the Johnstons do not argue, that they posted the statutory notice. Therefore, their interest as fee owners may be subject to the liens filed by Isaacson and Kronberger if it is established that they had knowledge of the work being performed. There is no doubt that they had observed work being done on the property; the question is whether they observed enough to come within the statute. The trial judge, who had the opportunity to see and hear the witnesses, concluded that the Johnstons had sufficient knowledge to require them to post the notice required by ORS 87.015. We defer to the trial court's findings of fact and affirm this portion of the judgment.[2]

On appeal, judgment modified to provide that the conditions imposed on plaintiff's exercise of the option must be performed within 60 days after effective date of this decision; on cross-appeal, judgment modified to delete personal judgment for money against defendants Robert W. Johnston and Ruth Johnston. Affirmed as modified.

---

[2] We have considered the other assignments of error of defendants Johnston and find them to be without merit.