# FIRST INTERSTATE BANK OF OREGON, N.A.,
*Plaintiff,*

*v.*

# SILVEY-BARNES PROPERTIES et al,
*Appellants,*

## SILVEY et al,
*Defendants.*

## GREENSTEIN et al,
*Respondents.*

(A8209-05644; A8303-01387;
A8303-01620; A8303-01999;
CA A30551 (Control); CA A33461)
(Cases Consolidated)

721 P2d 878

Stephen T. Janik, Portland, argued the cause for appellants. With him on the briefs was Ball, Janik & Novack, Portland.

Rex Armstrong, Portland, argued the cause for respondents. With him on the brief was Kell, Alterman & Runstein, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

■ This case began when First Interstate Bank (Bank) filed an action to foreclose a mortgage on a parcel of real estate in Multnomah County. That action eventually was consolidated with lien foreclosure actions involving the same property. In addition, defendants Greenstein, Markewitz and Battles (GMB) filed a cross-claim against defendants Silvey Development Corporation (Silvey Development) and Silvey-Barnes Properties (Silvey-Barnes), a joint venture of Silvey Development Corporation and William G. Barnes & Son Company, Inc., seeking specific performance of a land sale contract for the same parcel. The cross-claim was heard in a separate proceeding after disposition of the other claims; the trial court entered judgment for GMB against all of the cross-claim defendants in the amount of $125,541.65, plus interest, together with costs and attorney fees. This appeal involves only that cross-claim.[1] We affirm.

GMB purchased the property on a land sale contract in March, 1980, from Lilles and White, a partnership consisting of Mary Lilles Wilson, Norman White and Olivia White. In April, 1981, GMB sold the property to Silvey Development by a separate land sale contract (the GMB-Silvey contract). Silvey Development in turn assigned the GMB-Silvey contract to Silvey-Barnes.

Silvey-Barnes had been formed as a joint venture in January, 1981, to acquire the property and to develop condominium units on it. In May, 1981, Silvey-Barnes began making monthly payments to GMB and took possession of the property. Apparently at the request of Silvey-Barnes, GMB agreed to subordinate its interest in the property to a mortgage lien of Bank taken to secure a construction loan to Silvey-Barnes, which then borrowed construction funds from

---

[1] Silvey-Barnes appealed from a subsequent judgment of dismissal entered on a cross-claim against them and several other defendants by Norman and Olivia White; that appeal was consolidated with this proceeding. It was filed in the event that this court might find the first appeal premature as not being from a final judgment. *See* ORCP 67B. However, because the Whites' cross-claim was not *filed* until after final judgment was entered, it did not preclude a final judgment from being entered on GMB's cross-claim, and this court has jurisdiction of that appeal. Accordingly, Silvey-Barnes' appeal from the judgment of dismissal is dismissed.

Bank and began improving the property. Silvey-Barnes subsequently defaulted on its construction loans and also ceased making payments to GMB. These actions followed.

Silvey-Barnes first assigns error to the trial court's ruling that it was liable for the purchase price under the GMB-Silvey contract. The trial court apparently premised that ruling on the theory that, by taking possession of the property and constructing improvements on it, Silvey-Barnes claimed the benefits of its assignor's contract and thus concomitantly assumed its assignor's payment obligations under it. The foundation of Silvey-Barnes' argument is that the assignment executed by Silvey Development Corporation was a "bare" assignment, *i.e.,* one without an explicit assumption provision, that under prevailing Oregon law, an assignee of a land sale contract assumes no liability to the assignor's vendor by reason of a bare assignment alone and that, although an assignee may become subject to the burdens of the land sale contract by claiming benefits of that contract, as a matter of law the mere acts of possession and improvement do not constitute claiming the benefits of the contract.

GMB attacks Silvey-Barnes' first assignment of error as an inadequately preserved objection to the insufficiency of the evidence. They argue that it essentially challenges the sufficiency of the evidence to support findings favorable to GMB on the issue of Silvey-Barnes' liability under the contract and that, therefore, under *Falk v. Amsberry,* 290 Or 839, 843-45, 626 P2d 362 (1981), Silvey-Barnes was required to move for a judgment of dismissal, ORCP 54B(2), or for a directed verdict, ORCP 60, in order to preserve the error for appellate consideration, and failed to do so. Silvey-Barnes responds that *Amsberry* requires only "a timely equivalent assertion," 290 Or at 845, and that it made a motion at the close of the evidence for reconsideration of its motion for summary judgment, which adequately apprised the court of the ground for its objection.

■ Silvey-Barnes' claim of error is based on the ruling denying its motion for summary judgment. It argues that its motion for reconsideration of its motion for summary judgment at the close of the evidence suffices to preserve any error that would have been preserved by a motion for dismissal or

for a directed verdict, that is, that the motion for reconsideration was the equivalent of a motion for a directed verdict or a motion for dismissal. It was not. The exception to post-trial reviewability in *Payless Drug Stores v. Brown,* 300 Or 243, 708 P2d 1143 (1985), does not help them, because the issue raised by their motion for summary judgment, although made on the basis of a legal proposition, depended on adjudicative facts. *Stromme v. Nasburg and Co.,* 80 Or App 26, 721 P2d 839 (1986).

A motion for summary judgment goes only to whether the pleadings, deposition, and admissions on file, together with the affidavits, if any, show that there is genuine issue as to any material fact. ORCP 47C. Silvey-Barnes' motion for reconsideration was made on the basis of evidence, most of which was admitted under an offer of proof, including the following: (1) The agreement establishing the joint venture recites that it was formed to purchase and develop this specific property; (2) a letter to Battles of GMB from his attorney states that Silvey Development would remain liable on the contract and that the attorney had confirmed that the "only purpose of the assignment is to conform the title of purchaser to the named borrower of the construction financing" and that he saw no objection to consent to the assignment; (3) a monthly payment on the property was made to GMB directly by Silvey-Barnes; (4) the assignment document itself; (5) testimony by Silvey that by the assignment he did not intend Silvey-Barnes to assume the obligations of the GMB contract, but merely to align it for loan documents; (6) testimony by Barnes that he did not intend to assume the obligations to GMB; (7) testimony by Silvey's attorney, who drafted the assignment, that he did not intend to create an assumption by Silvey-Barnes; (8) testimony by Battles that, through conversation with his attorney he understood that Silvey-Barnes was assuming the obligation to pay and that he "certainly was not told that [GMB] could not go after [Silvey-Barnes]." Because its motion was made on the basis of adjudicative facts, the *Payless* exception is not available to Silvey-Barnes. *Stromme v. Nasburg and Company, supra.* Its first assignment of error has not been adequately preserved for appeal.

Silvey-Barnes' second assignment is that the court erred in holding Barnes and Silvey jointly and severally liable

for obligations of the joint venture. They did not object to the form of the judgment in the trial court. The objection made for the first time on appeal comes too late and cannot be considered. *Abbott v. Bob's U-Drive et al,* 222 Or 147, 162, 352 P2d 598 (1960).

Affirmed as to A8209-05644; appeal dismissed as to A8303-01387, A8303-01620 and A8303-01999.