Argued and submitted March 17, affirmed October 18, 2000

**L & E FARMS,**
an Oregon corporation;
Russell L. Lester;
and Sharon L. Lester,
*Respondents,*

*v.*

**Roy R. LEONARD,**
*Appellant,*

*and*

**Russell ELMER**
and Norma Jean Elmer,
*Defendants.*

(98-04-38646; CA A105738)

13 P3d 527

W. Eugene Hallman argued the cause for appellant. With him on the briefs was Hallman & Dretke.

Douglas E. Hojem argued the cause for respondents. With him on the brief were Derek L. Caplinger and Corey, Byler, Rew, Lorenzen & Hojem.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Plaintiff L & E Farms[1] purchased land from defendant Roy Leonard. Leonard appeals from a judgment declaring that L & E Farms fully performed its obligations under their land sale contract and that the property is free of any vendor's interest. We affirm.

In 1979, Leonard agreed to sell his property to L & E Farms. The contract stated a purchase price of $300,000, of which $225,000 was allocated to the land and $75,000 was allocated to the house. The contract provides:

"(1)  $100.00 has been heretofore paid as earnest money;

"(2)  $27,900.00 upon execution of this Agreement, receipt of both sums by SELLER is hereby acknowledged; this payment is applied as follows: $17,900.00 is applied against principal and $10,100.00 is pre-paid interest between the date of signing and the 10th of July, 1979, which is in effect, a prepayment of the payment hereinafter required on July 10, 1979.

"(c)  The balance of $282,100.00 together with interest commencing on the date of July 10, 1979, at the rate of seven percent (7%) per annum shall be paid as follows:

"(1)  For a period of 14 years from the date of this agreement, BUYER shall pay the sum of $28,000.00 annually which shall be paid in two equal semi-annual payment[s], and which shall include accrued interest at the rate of seven percent (7%) per annum. The first such semi-annual payment shall be made on or before the 10th of January, 1980, and a like semi-annual payment shall thereafter be made on or before the 10th day of June of each year thereafter, and also on or before the 10th day of January of each year thereafter.

"(2)  In the event neither Roy R. Leonard nor Leola Marie Leonard shall be living at the expiration of the 15 year payment period, this contract shall be deemed PAID IN FULL and an unencumbered title to the real property shall pass to BUYER as hereinafter provided.

---

[1] L & E Farms is a partnership consisting of plaintiffs Russell L. Lester and Sharon L. Lester and defendants Russell Elmer and Norma Jean Elmer.

"(3)  In the event either or both of Roy and Leola Leonard are still alive at the end of the 15 year payment period, then the heretofore required payments shall continue for a period of five (5) years, or until the death of the survivor of Roy R. and Leola Marie Leonard, whichever shall first occur."

The contract also contains a prepayment clause. It provides that L & E Farms "shall have the right to pay any installments or the entire balance in advance or any amount in excess of the minimum amount herein provided" but makes L & E Farms liable for additional taxes that result from prepaying the balance due.[2] Finally, the parties established an escrow collection account to receive the funds.

L & E Farms made the required payments until July 14, 1997, approximately 18 years after the parties entered into the contract. On that date, the collection agent paid Leonard $7,359.94—a sum that paid off the balance owing on the principal. Leonard, however, demanded that L & E Farms continue to make semi-annual payments of $14,000 for the remainder of the 20-year term, and L & E Farms paid Leonard an additional $6,650. On January 10, 1998, Russell Elmer, one of the partners in L & E Farms, personally made the next semi-annual payment of $14,000. L & E Farms refused, however, to make the next two semi-annual payments.

In April 1998, L & E Farms filed a declaratory judgment action against Leonard seeking a declaration that L & E Farms had paid the purchase price of the property in full and that the property was free of any vendor's interest. Leonard filed an answer and counterclaim for breach of contract against L & E Farms and its partners alleging that they were "in default [on] the contract by failing to make the semi-annual payment[s] of $14,000 which [were] due and payable" on June 10, 1997, and on or before June 10, 1998.

At trial, the parties presented two plausible interpretations of the contract. In L & E Farms' view, the contract required it to pay Leonard $300,000 plus interest either over

---

[2] The earnest money agreement provided that L & E Farms had the "right to prepayment without penalty," but the parties imposed additional obligations on the right to prepay in the land sale contract.

a 20-year period or until it paid that amount in full. L & E Farms argued that the contract specified a 20-year payment period because the amortization schedule failed to take into account that L & E Farms had prepaid $17,900 of the principal. Also, relying on the prepayment clause, L & E Farms argued that it necessarily had the right to pay the contract off early. Leonard responded that the contract contained an "annuity clause," which forgave any debt after 15 years if Leonard and his wife were no longer living but required annual payments if either of them lived for another five years.

Given the language of the contract and the parties' testimony, the trial court ruled that the contract is ambiguous. It also found that the parties intended that Leonard would receive $300,000, plus interest, paid over a period of 20 years but that the contract could be paid off early. The court entered a judgment declaring that L & E Farms had satisfied its obligations under the contract and that it held the property free of any vendor's interest. The judgment also dismissed Leonard's breach-of-contract counterclaim with prejudice.

■       On appeal, Leonard does not dispute that the contract is ambiguous, nor does he dispute that the resolution of that ambiguity presents a question of fact. Rather, he argues that, because L & E Farms' claim for declaratory relief is equitable, we should review the disputed factual issues *de novo*. L & E Farms responds that because its claim is legal, we should affirm the trial court's judgment if there is evidence in the record to support the court's interpretation of the contract.

As the parties frame the issue on appeal, it turns on the nature of L & E Farms' claim for declaratory relief.[3] The complaint contains a single claim for declaratory relief that requests two declarations. First, the complaint seeks a declaration that "L & E Farms has paid in full the Purchase Price of the property, and has performed all conditions to and

---

[3] Leonard assigns error to the trial court's judgment to the extent it granted L & E Farms' request for declaratory relief. He does not assign error to the court's ruling dismissing his breach-of-contract counterclaim with prejudice. Given our resolution of Leonard's appeal, we need not decide the effect of that decision.

satisfied all of its obligations under the contract." Second, it seeks a declaration that "the contract is fully performed, executed and discharged, and that the property is free of any vendor's interest of Defendant Roy R. Leonard." Both parties acknowledge that a claim for declaratory relief may be legal or equitable depending on the nature of the underlying claim. Focusing on the last portion of the second requested declaration, Leonard reasons that a declaration that the "property is free of any vendor's interest" is equitable because it effectively seeks to remove a cloud on the title. L & E Farms responds that its requested relief required the court to construe the contract before it could declare the parties' rights and thus presents a legal issue.

We recently considered a similar issue in *OTECC v. Co-Gen*, 168 Or App 466, 7 P3d 594 (2000). In that case, the plaintiff sought a declaration that the circuit court had authority to modify a co-generation contract. *Id.* at 468. It "also sought a related 'declaration' modifying the prices." *Id.* On appeal, the plaintiff asserted that, because one of its requested declarations included a claim for specific performance, the action was equitable in nature and subject to *de novo* review. We disagreed, reasoning:

> "OTECC makes th[e] assertion [that the action was equitable] because it 'filed this suit to interpret a contract, so that the parties could perform in accordance with that interpretation.' Thus, in OTECC's view, the action effectively included a claim for specific performance, even though only declaratory relief was sought. We need not decide whether OTECC's declaratory judgment action should be deemed, in part, an action for specific performance. Even if it would be correct to do so, our review of the contract interpretation issue would not be *de novo*. We rejected just such a claim in *Stevens* [*v. Foren*, 154 Or App 52, 59 n 5, 959 P2d 1008, *rev den* 327 Or 554 (1998)]. There, we held that, although the action included a claim for specific performance of a contract, *de novo* review applied only if, after construing the contract, we reached the specific performance claim. *Stevens*, 154 Or App at 59 n 5."

*OTECC*, 168 Or App at 475 n 7.

■ *OTECC*'s reasoning controls the resolution of this case. Even if the last portion of plaintiffs' second request for a

declaration were equitable, the trial court first had to answer plaintiffs' first requested declaration, which required it to construe the contract to determine the parties' rights. "Declaratory judgment proceedings seeking the construction of a contract are legal in nature, and the factual determinations of the trier of fact are binding on appeal if there is evidence to support them." *Wadsworth v. WWDM, Ltd.*, 162 Or App 622, 628 n 4, 986 P2d 1197 (1999), *rev den* 330 Or 71 (2000). *See also Lindsey v. Dairyland Insurance Co.*, 278 Or 681, 688, 565 P2d 744 (1977) (construction of a contract is "a pure question of law"); *Anderson v. Jensen Racing, Inc.*, 324 Or 570, 575, 931 P2d 763 (1997) (same). Leonard does not dispute that, if, as we conclude, plaintiffs' declaratory judgment claim presents a legal issue, there is evidence to support the trial court's interpretation of the contract.[4] We thus affirm the trial court's interpretation of the parties' rights under the contract and also its conclusion that L & E Farms holds the property free of any vendor's interest. *See OTECC*, 168 Or App at 475 n 7.

Affirmed.

---

[4] Indeed, Leonard did not move for a directed verdict below, nor has he assigned error to the denial of a directed verdict motion. Both actions are prerequisites to saying that the trial court erred in resolving a legal claim. *See Falk v. Amesbury*, 290 Or 839, 843-44, 626 P2d 362 (1981).