Submitted November 24, 2009, judgment of conviction on Count 6 reversed; judgment of conviction on Counts 1 through 5 and Counts 9 and 10 reversed and remanded August 4, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MICHAEL JAMES EVANS,
*Defendant-Appellant.*

Multnomah County Circuit Court
061035934; A138017

236 P3d 848

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant. Michael James Evans filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of eight counts of first-degree sexual abuse, ORS 163.427, and two counts of first-degree sodomy, ORS 163.405. On appeal, he advances a number of assignments of error, all of which we reject without discussion, except his assignments that: (1) the trial court should not have admitted an expert's diagnosis that one of the victims had been sexually abused without first conducting a hearing about whether the medical diagnosis was scientifically valid; and (2) the court should have granted a judgment of acquittal on one of the counts of sexual abuse. Those two assignments are well taken, and they require reversal of one of defendant's convictions and a reversal and remand for a new trial on several others.

The charges arise out of defendant's sexual abuse of his roommate's minor children, A, a girl, and B, a boy. Defendant was charged with a total of 15 counts. Counts 1 through 8 were for first-degree sexual abuse of A; Counts 9 through 12 were for first-degree sodomy of A; and Counts 13 through 15 were for first-degree sexual abuse of B. Defendant ultimately was acquitted on Counts 7, 8, 11, 12, and 15. The issues on appeal concern only the convictions pertaining to defendant's abuse of A (Counts 1-6 and 9-10).

We begin with the issue concerning the admissibility of the expert's opinion that A was sexually abused. The facts relevant to that issue are not in dispute. Dr. Paula Koeller, a CARES physician, examined A, finding damaged hymenal tissues consistent with a penetrating injury from sexual abuse. During the examination, A told Koeller that defendant had touched her on the inside of her "private area."

At trial, the state offered the testimony of Koeller, including her diagnosis that A had been sexually abused. Defendant moved for a hearing under OEC 104 to determine whether Koeller's medical diagnosis was admissible scientific evidence under *State v. O'Key*, 321 Or 285, 306, 899 P2d 663 (1995), and *State v. Brown*, 297 Or 404, 687 P2d 751 (1984). The trial court declined to hold the requested hearing, explaining that a medical diagnosis of sexual abuse is not "scientific evidence" under *O'Key* and *Brown* and that no

foundation was required. At trial, Koeller testified as to her diagnosis that the victim had been sexually abused and recounted the physical evidence that she found consistent with that diagnosis.

On appeal, defendant contends that the trial court erred in concluding that a diagnosis of sexual abuse is not scientific evidence and in further concluding that a hearing on the validity of such a diagnosis under *O'Key* and *Brown* was not required.

■ ■ Under *O'Key* and *Brown*, "scientific evidence" is admissible if it is relevant under OEC 401, helpful to the trier of fact under OEC 702,[1] and not subject to exclusion under OEC 403. In *State v. Southard*, 347 Or 127, 218 P3d 104 (2009), decided after defendant's trial, the Supreme Court held that a medical diagnosis of sexual abuse is scientific evidence. In this case, therefore, the trial court erred in failing to hold a hearing under OEC 104 to determine the admissibility of Koeller's diagnosis. That determination would have encompassed an inquiry into the relevance of the evidence under OEC 401, whether the testimony would be helpful to the jury under OEC 702, and a weighing of prejudice under OEC 403. *Southard*, 347 Or at 139.

■ The state asserts, nonetheless, that any error in failing to conduct that examination was harmless, because the evidence presented at trial established the foundational requirements for the admissibility of the evidence. We reject that contention. To begin with, regardless of what the record in this case may show, defendant was never afforded the opportunity to challenge the state's evidence concerning the admissibility of Koeller's testimony. Aside from that, in light of the nature of the determination whether scientific evidence is admissible—including a weighing of potential prejudice and probative value under OEC 403—it is not appropriate for us to make that determination for the first time on appeal.

---

[1] OEC 702 provides:

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

■      We turn to the sufficiency of the evidence as to one of the counts of sexual abuse. Counts 5 and 6 involved allegations that defendant caused A to rub his penis. At trial, A testified as to only one incident of rubbing defendant's penis. Defendant moved for a judgment of acquittal on one of the two counts, because the evidence did not establish more than one incident involving that conduct. The trial court denied the motion. On appeal, defendant assigns error to the denial of that motion. The state concedes, and we agree, that defendant's motion for judgment of acquittal should have been granted with respect to one of the counts of sexual abuse alleging that defendant caused A to rub his penis and that, as a result, the judgment as to Count 6 must be reversed.

Judgment of conviction on Count 6 reversed; judgment of conviction on Counts 1 through 5 and Counts 9 and 10 reversed and remanded.