On respondent's petition for reconsideration filed September 15, and appellant's response to petition for reconsideration filed September 22, petition for reconsideration allowed; former disposition (236 Or App 467, 236 P3d 848) withdrawn; judgment of conviction on Count 6 reversed; judgment of conviction on Counts 1 through 5 and Counts 9 and 10 reversed and remanded; otherwise affirmed November 3, 2010, both petitions for review denied April 7, 2011 (350 Or 230)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL JAMES EVANS,
*Defendant-Appellant.*

Multnomah County Circuit Court
061035934; A138017

242 P3d 718

John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, for petition.

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, for response.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

In this criminal case, the state seeks reconsideration of our opinion, *State v. Evans*, 236 Or App 467, 236 P3d 848 (2010), in which we concluded that the trial court erred in admitting the testimony of a CARES physician that one of the victims had been sexually abused without first holding a hearing under OEC 104 to determine the admissibility of the physician's diagnosis, which was scientific evidence. We also accepted the state's concession that the trial court should have granted defendant's motion for a judgment of acquittal on one of the counts of sexual abuse. We reversed the judgment on that one count and reversed and remanded on the other counts that were affected by the evidentiary error.

The state now advances two requests. First, it asks that we make clear that our disposition, which specified the counts that were reversed and remanded, does not affect other counts unaffected by the error, which should be affirmed. We agree and modify the disposition accordingly.

Second, the state asks that we narrow the remand to require only that the trial court hold an OEC 104 hearing with instructions that, if the court finds an adequate scientific foundation for the physician's testimony, the judgment should be affirmed. We decline to include the requested instruction to the trial court.

Petition for reconsideration allowed; former disposition withdrawn; judgment of conviction on Count 6 reversed; judgment of conviction on Counts 1 through 5 and Counts 9 and 10 reversed and remanded; otherwise affirmed.