Argued and submitted October 23, 2018, affirmed October 30, 2019

MICHAEL JAMES EVANS,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
12039338P; A161781

452 P3d 1026

Defendant appeals from a judgment denying his petition for post-conviction relief, arguing he received ineffective assistance of counsel. Specifically, defendant asserts that his appellate counsel, who prevailed on appeal as to certain counts and who challenged the admission of expert testimony diagnosing abuse as to one victim, was ineffective because she failed to argue that the expert's testimony affected the entire trial, including counts against a separate victim. To prevail on appeal under a directed verdict standard, defendant bears the burden of persuasion and production to present evidence establishing, among other standards, either directly or inferentially, what the objectives of the litigation were. *Held*: Defendant presented no evidence of the objectives of his appellate litigation, which, as a threshold matter, precludes him from establishing that appellate counsel was ineffective.

Affirmed.

J. Burdette Pratt, Senior Judge.

Harrison Latto argued the cause for appellant. On the opening brief was Jed Peterson. Michael James Evans filed the supplemental brief *pro se*.

Erin K. Galli, Assistant Attorney General, argued the cause for respondent. Also on the brief were Frederick Boss, Deputy Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

JAMES, J.

Affirmed.

**JAMES, J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief, raising two assignments of error in his opening brief and one assignment of error in a supplemental brief. We reject his second and supplemental assignments without discussion, writing only to address his first assignment of error, wherein he asserts that the trial court erred in relation to his ineffective assistance of appellate counsel claim. Specifically, petitioner asserts that his appellate counsel, who challenged the admission of expert testimony diagnosing abuse as to one victim, A, and prevailed on appeal as to certain counts, was ineffective because she failed to argue that the expert's testimony affected the entire trial, including counts against a separate victim, B. To prevail on appeal under the circumstances, petitioner must establish that the record in this case contains no genuine issue of material fact on any of the elements of petitioner's post-conviction claim and that he was entitled to a judgment in his favor as a matter of law. We conclude that here, the record did not require a directed verdict in favor of petitioner, and accordingly, the post-conviction court did not err. We affirm.

For purposes of our disposition, a detailed recitation of the facts in the underlying criminal case is unnecessary and would not benefit the bench or bar. It suffices to say that in 2006, a grand jury indicted petitioner for sexual abuse in the first degree (Counts 1-8 and 13-15) and sodomy in the first degree (Counts 9-12). The alleged victims were A, a girl, (Counts 1-12) and B, a boy, (Counts 13-15). At trial, the state offered expert testimony from a doctor, Koeller, diagnosing A with having been sexually abused, based in part on the appearance of her hymen. The jury found petitioner guilty on Counts 1-6, 9, and 10 (involving A), and 13 and 14 (involving B), and it acquitted him of Counts 7, 8, 11, and 12 (involving A) and Count 15 (involving B).

Petitioner appealed. Appellate counsel raised multiple assignments of error in the opening brief, the first of which was a challenge to the admission of expert testimony diagnosing A with having suffered sexual abuse, without an OEC 104 hearing. Petitioner raised two supplemental

assignments of error *pro se*, unrelated to the assignments raised by counsel. We agreed that the first assignment of error established that the trial court erred in failing to provide an OEC 104 hearing and reversed on that assignment of error, noting that "[t]he issues on appeal concern only the convictions pertaining to defendant's abuse of A (Counts 1-6 and 9-10)." *State v. Evans*, 236 Or App 467, 469, 236 P3d 848 (2010).

The state petitioned for reconsideration asking us to clarify that "our disposition, which specified the counts that were reversed and remanded, does not affect other counts unaffected by the error, which should be affirmed." *State v. Evans*, 238 Or App 466, 467, 242 P3d 718 (2010), *rev den*, 350 Or 230 (2011). That request was unopposed by petitioner's appellate counsel. We agreed, modifying our previous dispositional tagline to indicate that nonaffected counts—specifically the counts related to B, which were not the subject of Koeller's testimony—were otherwise affirmed.

Petitioner subsequently filed a petition for postconviction relief raising numerous claims. Petitioner's fifth asserted claim specifically addressed inadequate and ineffective assistance of appellate counsel, asserting:

"On October 1, 2009, before oral argument on petitioner's direct appeal, the Oregon Supreme Court decided *State v. Southard*, 347 Or 127, 218 P3d 104 (2009). Based upon this decision, petitioner's appellate counsel knew or should have known that, given the evidence received by the jury *** the trial court's failure to grant petitioner an OEC 104 hearing required a reversal of petitioner's convictions for offenses against 'A' and 'B.'

"On or after October 1, 2009, appellate counsel failed to request that the Court of Appeals reverse and remand Counts 13 and 14 based on *State v. Southard*, 347 Or 127, 218 P3d 104 (2009), and on grounds that *** Dr. Koeller's expert opinion testimony diagnosing 'A' with sexual abuse, improperly vouched for the credibility of both 'A' and 'B' and created a substantial risk that the jury was prejudiced by that testimony when evaluating the credibility of both 'A' and 'B.' Instead, appellate counsel improperly conceded that petitioner's convictions involving 'B' on Counts 13 and 14, were unaffected by the trial court's error.

"Competent appellate counsel, exercising reasonable professional skill and judgment, would interpret *State v. Southard*, 347 Or 127, 218 P3d 104 (2009) to support reversal and remand of Counts 13 and 14 for the reasons alleged above and would not concede that Counts 13 and 14 should be affirmed.

"There is a reasonable probability that the Court of Appeals would have reversed and remanded petitioner's convictions on Counts 13 and 14 if appellate counsel had not conceded that those counts were unaffected by the trial court's error and had argued that *State v. Southard*, 347 Or 127, 218 P3d 104 (2009), required reversal and remand of those counts."

In support of his claims, petitioner introduced numerous pieces of evidence including declarations of various individuals, as well as documentary exhibits. However, petitioner did not offer any testimony, either in person or through affidavit or declaration, from appellate counsel. Similarly, while petitioner himself testified at length about his interactions with trial counsel, petitioner's testimony did not discuss his interactions with appellate counsel. In support of his fifth claim, petitioner offered solely the appellate brief filed by counsel. Ultimately, the post-conviction court denied relief on all claims, and this appeal followed. On appeal, defendant argues, among other contentions, that he was entitled to judgment in his favor as a matter of law on his claim that appellate counsel was constitutionally inadequate or ineffective.

Before the post-conviction court, petitioner did not move for directed verdict pursuant to ORCP 60. Typically, a party must move to withdraw a factual issue from the factfinder in order to be entitled to raise on appeal the argument that the party should have prevailed on that issue as a matter of law. *Wood Ind'l Corp. v. Rose*, 271 Or 103, 105-06, 530 P2d 1245 (1975). However, in the context of a post-conviction bench trial, the Oregon Supreme Court has held that "[r]equiring the party with the burden of persuasion on a claim to make a motion for directed verdict (or another similar motion) when the court serves as the finder of fact does not promote judicial efficiency or fairness to the parties." *Peiffer v. Hoyt*, 339 Or 649, 658, 125 P3d 734 (2005).

However, *Peiffer* speaks to preservation, not to the standard of review. Thus, while a post-conviction petitioner may appeal from a post-conviction judgment, and use arguments advanced in closing as a proxy for a motion for directed verdict, we do not reweigh the evidence. Rather, we review the post-conviction proceedings for errors of law, as if a motion for directed verdict had been made. *Peiffer*, 339 Or at 658-59; *Moen v. Peterson*, 312 Or 503, 510 n 6, 824 P2d 404 (1991); *see also Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 317, 129 P3d 773, *rev den*, 341 Or 366 (2006).

In reviewing the post-conviction court's denial of a motion for directed verdict—even one raised via closing argument pursuant to *Peiffer*—we determine whether the facts in evidence, and inferences drawn from those facts, interpreted in the nonmoving party's favor, entitled petitioner to a favorable decision as a matter of law. *Roop v. Parker Northwest Paving Co.*, 194 Or App 219, 237, 94 P3d 885 (2004), *rev den*, 338 Or 374 (2005); *Jones v. Emerald Pacific Homes, Inc.*, 188 Or App 471, 478, 71 P3d 574, *rev den*, 336 Or 125 (2003); *Kotera v. Daioh Int'l U.S.A. Corp.*, 179 Or App 253, 276, 40 P3d 506 (2002). With that standard in mind, we turn to the merits.

A defendant charged with a crime has a constitutional right to counsel under Article I, section 11, of the Oregon Constitution and under the Sixth Amendment to the United States Constitution. Under both constitutions, "the defendant's right is not just to a lawyer in name only, but to a lawyer who provides adequate assistance." *State v. Smith*, 339 Or 515, 526, 123 P3d 261 (2005). Both constitutions require "adequate performance by counsel" concerning the "functions of professional assistance which an accused person relies upon counsel to perform on his behalf." *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981); *see also Strickland v. Washington*, 466 US 668, 686, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (Sixth Amendment right to counsel requires not just counsel, but "effective" counsel).

When a defendant believes he has been denied his constitutional right to adequate counsel, he may bring an action to vindicate that right by filing a petition for post-conviction relief. In Oregon, except as specified by statute,

post-conviction actions are civil proceedings governed by the Oregon Rules of Civil Procedure and the Oregon Evidence Code. *Sanchez v. State of Oregon*, 272 Or App 226, 240, 355 P3d 172, *rev den*, 358 Or 449 (2015); *Lopez v. Nooth*, 287 Or App 731, 733, 403 P3d 484 (2017) ("In Oregon, actions for post-conviction relief are civil proceedings."); *Schelin v. Maass*, 147 Or App 351, 355, 936 P2d 988, *rev den*, 325 Or 446 (1997) (holding same); *Kumar v. Schiedler*, 128 Or App 572, 577, 876 P2d 808 (1994) (De Muniz, J., concurring) ("Post-conviction is a civil proceeding[.]").

Like any plaintiff in a civil action, a post-conviction petitioner bears the burden of production and persuasion for each material fact necessary to establish the claim. For a claim of inadequate assistance of counsel under the Oregon Constitution, the post-conviction petitioner, as the plaintiff, must establish by a preponderance of the evidence, first that his attorney "failed to exercise reasonable professional skill and judgment," and second, "that counsel's failure had a tendency to affect the result of his trial." *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002) (citation omitted).

For a claim of ineffective assistance of counsel under the Sixth Amendment, a post-conviction petitioner, as the plaintiff, must establish by a preponderance of the evidence, that his or her trial counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 US at 688, 104 S Ct 2052. And, if a petitioner proves that counsel was ineffective, he or she also must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In assessing inadequate or ineffective assistance of counsel claims, courts have long recognized that any such inquiry—particularly when tactical choices of counsel are called into question—is a highly context-driven endeavor. At the end of the day, the court must evaluate the reasonableness of counsel's representation "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 US 365, 381, 106 S Ct 2574, 91 L Ed 2d 305 (1986). The proper measure

of attorney performance is judged by the "reasonableness under prevailing professional norms" which includes a "context dependent consideration of the challenged conduct as seen from counsel's perspective at the time of that conduct." *Wiggins v. Smith*, 539 US 510, 511, 123 S Ct 2527, 156 L Ed 2d 471 (2003) (citations omitted). The inquiry focuses on the "lawyer's conduct from the lawyer's perspective at the time, without the distorting effects of hindsight." *Lichau*, 333 Or at 360. A reviewing court will not "second-guess a lawyer's tactical decisions in the name of the constitution unless those decisions reflect an absence or suspension of professional skill and judgment." *Gorham v. Thompson*, 332 Or 560, 567, 34 P3d 161 (2001).

In evaluating such context-dependent decisions from counsel's perspective, it is essential to recognize that the lawyer is but the agent of the client. It is the role of the client, not the lawyer, to set the objectives of the client's litigation. "It is the role of the lawyer [to be] a professional advisor and advocate, not to usurp his client's decisions concerning the objectives of representation." *United States v. Wellington*, 417 F3d 284, 289 (2d Cir 2005) (internal quotation marks omitted). As the American Bar Association Model Rules of Professional Conduct (RPC) state, "a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued." RPC 1.2. That language is repeated in the Oregon Rules of Professional Conduct.

A criminal defense attorney, both at trial and on appeal, cannot employ a one-size-fits-all approach to representation. Sometimes a client insists on a trial, other times a client will want to negotiate. Some clients will want to challenge some counts, but not others. Some clients will want to appeal some convictions, while leaving others unchallenged. "The right to defend is personal. The defendant, and not his lawyer or the state, will bear the personal consequences of a conviction." *Faretta v. California*, 422 US 806, 834, 95 S Ct 2525, 45 L Ed 2d 562 (1975). While there are a myriad of tactical decisions in how to best conduct litigation that are properly the province of the attorney, deciding on the broader

objectives of litigation is the client's decision to make. The lawyer is obligated to make tactical decisions that work towards those objectives, not against them.

As such, a petitioner cannot prevail on a claim for post-conviction relief if the attorney merely carried out tactical decisions at the directions of the client in furtherance of the client's goals for litigation—goals that the client now regrets. *See Roe v. Flores-Ortega*, 528 US 470, 477, 120 S Ct 1029, 145 L Ed 2d 985 (2000) ("[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." (Citations omitted; emphasis in original.)); *see also Coleman v. Mitchell*, 268 F3d 417, 448 n 16 (6th Cir 2001) ("[C]ounsel was not ineffective for following the defendant's clear and informed instruction." (Citation omitted.)); *Frye v. Lee*, 235 F3d 897, 906-07 (4th Cir 2000) (observing that if the court were to hold that defense counsel "rendered ineffective assistance [by acceding to the defendant's instructions not to present] mitigation evidence, [the court] would be forcing defense lawyers in future cases to choose between Scylla and Charybdis"); *Autry v. McKaskle*, 727 F2d 358, 360-61 (5th Cir 1984) (rejecting claim of ineffective assistance of counsel for failure to investigate and present evidence at sentencing phase where defendant had instructed his attorney not to fight the death penalty); *cf. Brookhart v. Janis*, 384 US 1, 4-9, 86 S Ct 1245, 16 L Ed 2d 314 (1966) (reversing judgment of conviction where defense counsel, over the defendant's in-court objections that he did not wish to plead guilty, waived the defendant's right to present a defense and cross-examine witnesses).

Accordingly, for most claims wherein a post-conviction petitioner is challenging the tactics employed by counsel, to prevail as a matter of law under a directed verdict standard, the petitioner must present evidence establishing, either directly or inferentially, what the objectives of the litigation were. Typically, though not always, that can be provided by statements from counsel or testimony from the petitioner. But there must be some evidence of the broader objectives of litigation to be able to accurately assess counsel's performance in the context-dependent manner required.

Here, petitioner presented no evidence of the objectives of his appellate litigation. Consequently, on appeal petitioner is forced to advance a categorical argument that all appellate attorneys render constitutionally inadequate or ineffective representation when they fail to challenge each and every count of conviction. For the reasons we have discussed, that argument fails. Alternatively, petitioner may be relying on an unspoken argument that, absent contrary evidence, a defendant is presumed to want to vigorously challenge each and every criminal charge as the objective of his litigation, both at trial and on appeal. But that argument, too, must fail. ORS 40.135 provides a discrete list of permissible presumptions, and a presumption about a criminal defendant's objectives of litigation is not included. As the Oregon Supreme Court has cautioned, the list of presumptions should be strictly construed. *State v. Garrett*, 281 Or 281, 286, 574 P2d 639 (1978) ("On the contrary, the more cogent reasoning would require a strict rather than liberal construction of statutorily imposed presumptions, since they are based primarily upon probability and judicial convenience."). Accordingly, we cannot conclude that the facts in evidence entitled petitioner to a favorable decision as a matter of law.

Affirmed.