Argued and submitted January 5; decision of Court of Appeals reversed in part, and case remanded to Court of Appeals for further proceedings May 20, 2021

MICHAEL JAMES EVANS,
*Petitioner on Review,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Respondent on Review.*

(CC 12039338P) (CA A161781) (SC S067383)

487 P3d 42

Petitioner raised a post-conviction claim for inadequate assistance of appellate counsel, arguing that, in a responding document filed in his direct appeal, counsel should have argued for reversal of all petitioner's convictions, not only those related to one victim. The post-conviction court denied relief, and the Court of Appeals affirmed, but on different grounds. *Held*: (1) The Court of Appeals improperly affirmed under the "right for the wrong reason" principle when, had the alternative basis for affirmance been before the post-conviction court, the record may have developed in a materially different way; (2) the Court of Appeals also improperly affirmed under that principle when neither party had any opportunity to develop appropriate arguments below, to respond to that alternative basis; and (3) remand to the Court of Appeals is therefore appropriate, for consideration of petitioner's assignment of error as framed by the parties.

The decision of the Court of Appeals is reversed in part, and the case is remanded to the Court of Appeals for further proceedings.

On review from the Court of Appeals.*

Harrison Latto, Portland, argued the cause and filed the briefs for petitioner on review.

Erin K. Galli, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Frederick M. Boss, Deputy Attorney General, and Benjamin Gutman, Solicitor General.

Before Walters, Chief Justice, and Nakamoto, Flynn, Nelson, and Garrett, Justices, and Landau, Senior Judge, Justice pro tempore.**

_____

* On appeal from the Malheur County Circuit Court, J. Burdette Pratt, Senior Judge. 300 Or App 331, 452 P3d 1026 (2019).

** Balmer and Duncan, JJ., did not participate in the consideration or decision of this case.

GARRETT, J.

The decision of the Court of Appeals is reversed in part, and the case is remanded to the Court of Appeals for further proceedings.

**GARRETT, J.**

In this post-conviction proceeding, petitioner raised a claim for inadequate assistance of counsel based on the performance of his appellate counsel, who had represented him in his direct appeal of multiple sexual-assault convictions. The post-conviction court denied that claim, concluding both that counsel had not acted unreasonably and that no evidence showed that petitioner had suffered any prejudice. Petitioner appealed, and the Court of Appeals affirmed, but on different grounds than those at issue before the post-conviction court or raised by the parties in their briefing on appeal. *Evans v. Nooth*, 300 Or App 331, 452 P3d 1026 (2019). We reverse the Court of Appeals decision and remand to that court, to resolve the issue framed by the parties.

The relevant facts are as follows. Petitioner was charged with sexually assaulting two siblings, A and B. A had disclosed the abuse first, reporting both that petitioner had abused her and that she had witnessed him abusing B; several months later, B also disclosed abuse. At trial, the state offered testimony from a doctor who diagnosed A with having been sexually abused, based in part on physical evidence of abuse. Petitioner asked for a hearing under OEC 104, to determine whether that diagnosis was admissible scientific evidence. The trial court opined that the diagnosis was not scientific evidence, denied petitioner's request for hearing, and admitted the doctor's testimony. A jury convicted petitioner on eight counts involving A and two counts—Counts 13 and 14—involving B. The court imposed concurrent 75-month sentences on the counts related to B, with a longer set of sentences, several consecutive, on the counts related to A.

Petitioner appealed. Among other assignments of error, he challenged the admission of the doctor's testimony regarding A. The Court of Appeals reversed in part, citing *State v. Southard*, 347 Or 127, 218 P3d 104 (2009) (then recently decided), and concluding that the trial court had erred in admitting the doctor's testimony without conducting an OEC 104 hearing. *State v. Evans*, 236 Or App 467, 470, 236 P3d 848 (*Evans I*), *modified on recons,* 238 Or

App 466, 242 P3d 718 (2010) (*Evans II*); *see also Southard*, 347 Or at 139, 142 (diagnosis of "sexual abuse" not accompanied by physical evidence of abuse qualified as scientific evidence, but was not admissible under OEC 403, because it did not "tell the jury anything that it could not have determined on its own"). The Court of Appeals reversed and remanded petitioner's convictions on the counts relating to A. However, the court's opinion said nothing about Counts 13 and 14, the counts related to B. *Evans I*, 236 Or App at 470-71.

The state sought reconsideration, seeking clarification that petitioner's convictions on Counts 13 and 14 had not been affected by the errors identified in *Evans I*. Petitioner's appellate counsel filed a response, which is the genesis of petitioner's inadequate assistance claim.[1] In that response, counsel wrote that petitioner "agree[d]" that *Evans I* had affirmed on Counts 13 and 14, and did "not object to modifying the opinion to make that affirmation express." The response further agreed that remand and resentencing on Counts 13 and 14 were appropriate. The Court of Appeals allowed reconsideration and modified its disposition to expressly affirm petitioner's convictions on Counts 13 and 14. *Evans II*, 238 Or App 466. On remand, the trial court dismissed the counts relating to A at the state's request, but it also resentenced petitioner to consecutive 75-month sentences on Counts 13 and 14.

Petitioner filed for post-conviction relief, contending that his appellate counsel's response on reconsideration of *Evans I* had amounted to inadequate assistance. He specifically asserted that counsel should have relied on *Southard* to make an argument that, together with other aspects of the state's evidence, the doctor's testimony improperly had vouched for both A's *and B's* credibility, and had created a substantial risk of prejudice affecting the jury's evaluation of their credibility—such that the error was not harmless as to Counts 13 and 14, requiring reversal. The superintendent

---

[1] Petitioner raised both state and constitutional claims—inadequate assistance of counsel and ineffective assistance of counsel—to which we refer collectively. *See, e.g.*, *Johnson v. Premo*, 361 Or 688, 699-700, 399 P3d 431 (2017) (describing both constitutional standards and noting that they are functionally equivalent).

countered that *Evans II* affirmatively had stated that Counts 13 and 14 had been "unaffected by the error" in admitting the doctor's testimony, 238 Or App at 467—stated differently, that the error identified in *Evans I* had been harmless as to Counts 13 and 14, which in turn showed that counsel's response had not prejudiced petitioner. The superintendent otherwise argued that counsel had acted reasonably.

The post-conviction court denied petitioner's claim. It reasoned that petitioner's appellate counsel would have had no basis for making the argument about *Southard* and vouching described above because the error identified in *Evans I* had involved only the failure to hold an OEC 104 hearing and had not implicated *Southard*. It followed, the court concluded, that the underlying reason for reversal in *Evans I* of petitioner's convictions on counts related to A did not apply to Counts 13 and 14, and so counsel had not been "ineffective for conceding that [C]ounts 13 and 14 were affirmed [in *Evans I*]." The court relatedly concluded that no evidence showed that appellate counsel's lack of argument had prejudiced petitioner.[2]

Petitioner appealed, renewing his argument that the doctor's testimony, coupled with other evidence relating to A, had been central to the state's case on Counts 13 and 14, and that a proper argument by his appellate counsel on reconsideration could have secured reversal of his convictions on those counts. The superintendent, in his answering brief, countered with several reasons why counsel had acted reasonably in not advocating for reversal and otherwise agreed with the post-conviction court that petitioner had suffered no prejudice.

The Court of Appeals affirmed, but on different grounds. *Evans*, 300 Or App 331. That court first observed that petitioner had not moved for a directed verdict on his claim for post-conviction relief below, but the court nonetheless proceeded "as if a motion for directed verdict had

---

[2] Petitioner raised other claims that the post-conviction court denied; the Court of Appeals affirmed one raised by counsel and another raised by petitioner in a supplemental brief, *Evans*, 300 Or App at 332, and the others were not assigned as error on appeal.

been made." *Id.* at 334-35. In that posture, the court then described the following standard of review: "[W]e determine whether the facts in evidence, and inferences drawn from those facts, interpreted in the nonmoving party's favor, entitled petitioner to a favorable decision as a matter of law." *Id.* at 335. The court next emphasized that petitioner bore the burden of proving his claim, *id.* at 336, and described the nature of that burden as follows:

> "[F]or most claims wherein a post-conviction petitioner is challenging the tactics employed by counsel, to prevail as a matter of law under a directed verdict standard, the petitioner must present evidence establishing, either directly or inferentially, what the objectives of the litigation were. Typically, though not always, that can be provided by statements from counsel or testimony from the petitioner. But there must be some evidence of the broader objectives of litigation to be able to accurately assess counsel's performance in the context-dependent manner required."

*Id.* at 338. The court then summarily determined that petitioner had "presented no evidence of the objectives of his appellate litigation[,]" and, thus, the court could not "conclude that the facts in evidence entitled petitioner to a favorable decision as a matter of law." *Id.* at 339.

We allowed petitioner's petition for review. In their briefs and oral argument in this court, the parties agree that the Court of Appeals erred, but for different reasons. Petitioner argues that that court misstated a post-conviction petitioner's burden of proof and argues, instead, for the following presumption: In the absence of contrary evidence, an instruction to counsel to file an appeal demonstrates a criminal defendant's intention to seek the best possible position for further proceedings on remand—as applied here, a challenge to all convictions, including on Counts 13 and 14. Thus, in petitioner's view, the Court of Appeals erred in requiring him to affirmatively "present evidence establishing, either directly or inferentially," the "objectives of his appellate litigation." *Id.* at 338-39. For his part, the superintendent asserts that the Court of Appeals announced a correct rule of law, but applied that rule incorrectly to the facts. Specifically, the superintendent disagrees with petitioner's

proffered presumption, arguing instead that the Court of Appeals correctly held petitioner to a standard of demonstrating that he had the objective, expressed to counsel, of challenging all his convictions on direct appeal. However, the superintendent acknowledges that the Court of Appeals overlooked aspects of the record that could have supported such a finding. For that reason, the superintendent requests that the case be remanded to that court for further consideration, so that it can correctly apply the principle that it announced and otherwise determine whether petitioner proved the elements of his inadequate assistance claim. As explained below, we do not address the parties' contentions regarding the issue framed by the Court of Appeals; instead, we remand to that court to consider the issue framed by the parties.

As can be seen, the question before the post-conviction court and framed by the parties on appeal was whether, in responding to the state's petition for reconsideration of *Evans I*, appellate counsel had provided inadequate assistance in failing to argue that the trial court's erroneous admission of the doctor's testimony had required reversal of all convictions, including on Counts 13 and 14. But the Court of Appeals did not address that question. Instead, it framed its inquiry in light of a "directed verdict" standard of review that it announced and applied *sua sponte*. *See generally Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015) (appellate court reviews merits determination by post-conviction court for errors of law and is bound by that court's factual findings if supported by evidence in the record; in absence of findings, if evidence supports deciding facts more than one way, appellate court will presume that post-conviction court decided facts consistently with its decision); *see also generally Peiffer v. Hoyt*, 339 Or 649, 654, 659-60, 125 P3d 734 (2005) (rejecting Court of Appeals' *sua sponte* determination that, to preserve an issue for appeal, a post-conviction petitioner must have moved for directed verdict or raised a related motion or objection claiming that the petitioner must prevail as a matter of law; describing the same standard of review as identified in *Green*). And, in applying that standard, the Court of Appeals—again *sua sponte*—imposed an evidentiary burden on petitioner to

establish facts concerning the objectives of his earlier appeal that had not been at issue below.

Without stating as much, the Court of Appeals in effect affirmed the post-conviction court's judgment by invoking the "right for the wrong reason" principle. In *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), this court explained that an appellate court may affirm a lower court based on that principle, but only if certain conditions are met. One condition is that, if the question is not purely one of law, then the record must "materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below." *Id.* at 659-60; *see also State v. Nascimento*, 360 Or 28, 37, 379 P3d 484 (2016) (rejecting state's proffered alternative basis for affirming denial of defendant's motion for judgment of acquittal; prosecutor had not offered that basis below, and the record "might well have" been materially different had the prosecutor done so); *see also generally Eklof v. Steward*, 360 Or 717, 736, 385 P3d 1074 (2016) (applying principle in reversing Court of Appeals affirmance of post-conviction summary judgment in state's favor; noting that record-development criterion "is of particular importance where, as here, the opposing party had no reason to adduce [the] evidence" in light of applicable summary judgment rules). Here, even assuming that the Court of Appeals correctly described petitioner's evidentiary burden about the objectives of his appeal—as to which we express no view—petitioner had no reason to offer evidence of that nature to the post-conviction court. That question was not before the post-conviction court, and, if it had been, the record may have developed in a materially different way. *See Outdoor Media Dimensions, Inc.*, 331 Or at 660 (court will not consider alternative basis for affirmance if losing party might have created a different record below "and that record could affect the disposition of the issue").

Perhaps even more significantly, neither party had any opportunity to develop an argument regarding the appropriateness of the evidentiary burden that the Court of Appeals described; the "directed verdict" standard of review that that court purported to apply; or the application

of either to evidence in the record.[3] *See generally Greenwood Products v. Greenwood Forest Products*, 351 Or 604, 620, 273 P3d 116 (2012) (Court of Appeals erroneously reversed trial court's denial of motion for directed verdict based on argument not raised below; "[b]ecause the trial court never had an opportunity to consider the argument, it is not, and was not, a proper basis for reversing the trial court's decision"); *Vancil v. Poulson*, 236 Or 314, 320-21, 388 P2d 444 (1964) ("[a]ppellate courts should not decide new issues upon which the trial court had no opportunity to rule"). For those reasons, we reverse in part the Court of Appeals decision and remand to that court to consider petitioner's assignment of error as framed by the parties before the post-conviction court and in their Court of Appeals briefing.[4]

      The decision of the Court of Appeals is reversed in part, and the case is remanded to the Court of Appeals for further proceedings.

---

[3] For example, in his briefing to this court, the superintendent cites aspects of the record from which—contrary to the Court of Appeals' ultimate determination—the post-conviction court could have found that petitioner had sought to challenge all his convictions, including on Counts 13 and 14.

[4] As noted, petitioner raised another assignment of error, and a supplemental assignment, both of which the Court of Appeals rejected without discussion. *Evans*, 300 Or App at 332. The petition for review in this court was limited to the assignment concerning appellate counsel, and our disposition applies to only that assignment.