On respondent's petition for reconsideration filed December 22, 1999, reconsideration allowed; opinion (163 Or App 452, 991 P2d 41 (1999)) adhered to as modified August 30, 2000

ROBERTO BLANCO AQUINO,
*Appellant,*

*v.*

G. H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

(CV95-0639; CA A100284)

12 P3d 51

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, for petition.

Harrison Latto *contra.*

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

The state petitions for reconsideration of our decision in *Aquino v. Baldwin,* 163 Or App 452, 991 P2d 41 (1999), arguing that we made a factual error that, in turn, led us ultimately to reach an erroneous conclusion that petitioner had received inadequate assistance of trial counsel. We grant reconsideration to clarify and correct our statement of the facts but adhere to our legal conclusion that petitioner received constitutionally inadequate assistance of trial counsel.

The underlying criminal prosecution concerned the rape of two young women by four perpetrators. One of the victims identified petitioner as one of the rapists, and a shoeprint found at the scene of the rape was similar to the sole of one of petitioner's shoes. *Id.* at 455. The victim who identified petitioner also identified at least four *other* individuals as being among the four who perpetrated the crimes. A key issue at trial, therefore, was which of her identifications were correct. During trial, a person going by the name of Aurelio Bernardo Cruz was taken into custody on unrelated charges and was identified by the victim as one of the perpetrators of the crime. Cruz's shoes, like petitioner's, matched the shoeprint evidence from the crime scene. *Id.* at 456. The dispositive question on this appeal was whether trial counsel provided constitutionally inadequate counsel by failing to introduce evidence that would have shown that Cruz's handprint also was found at the crime scene.

In holding that petitioner's counsel provided inadequate assistance, we stated that the victim "tentatively identified Cruz as petitioner at one point." We went on to state that defense counsel might have been able to use the print evidence to establish that the victim "had misidentified petitioner as Cruz, whose appearance and shoes were similar to those of petitioner and whose prints were found on the car used in the rape." *Id.* at 461 (emphasis omitted). We also noted that that theory was advanced to the jury by defense counsel. *Id.* The state points out that the record before this court does not, in fact, establish that Aurelio Bernardo Cruz was similar in appearance to petitioner. We agree. The record shows that the victim had previously identified as petitioner a different individual whose last name also was Cruz. She

later identified the Aurelio Bernardo Cruz who was in custody and whose handprint was found at the scene of the crime as one of the rapists, but she did not specify which one. At trial, the victim was asked whether the Cruz in custody was one of the attackers, and she stated that she did not know. She reiterated her belief that petitioner was one of the attackers.

Petitioner argues that, although we misstated that the victim "tentatively identified [the Cruz held in custody] as petitioner at one point," *id.* at 461, we nonetheless correctly concluded that counsel's failure to present the print evidence constituted inadequate assistance of counsel. Petitioner points out that two of the identifications were not seriously in question, because one of the rapists was easily identified by his earrings and nose ring, and another was the owner of the car. For the two remaining rapists, the victim identified petitioner, Javier Moreno, the Cruz whom the victim mistook for petitioner, and the Cruz who was in custody and whose prints were found at the scene. Thus, petitioner argues, by presenting additional strong evidence that Aurelio Bernardo Cruz, the Cruz who was in custody, was one of those two remaining rapists, petitioner could have increased the odds that he had been wrongly identified as a rapist. The state responds that the print evidence would, at best, have established that the victim was confusing the Cruz who was in custody with Moreno. It is possible that that is what the evidence would have shown; the prosecutor did make that argument when arguing against petitioner's motion for a new trial based on newly discovered evidence.[1] However, we are unable to make that assumption on this record. Moreover, we are unable to say that further evidence calling into question the victim's ability to identify her assailants would not have affected how the jury viewed her identification of petitioner.

It is not disputed that the victim made several misidentifications of the perpetrators of the crimes, and at least

---

[1] There is evidence in the record developed before the post-conviction court, however, that Aurelio Bernardo Cruz used the alias Coné and that Coné and petitioner both had long hair, short stature, and looked similar from the rear. Further evidence indicated that, before trial, codefendant Morales told the prosecutor that Aurelio Bernardo Cruz, not petitioner, was with him that night. The prosecutor told defense counsel that she believed that Aurelio Bernardo Cruz was an alias of petitioner. It was not until Aurelio Bernardo Cruz was taken into custody that the prosecutor realized that petitioner and Aurelio Bernardo Cruz were not the same person.

one of those misidentifications involved petitioner. That victim identified the Cruz in custody as one of the perpetrators at one point, but at trial testified that she did not know if he was one of the perpetrators. Additional strong evidence that he was one of the perpetrators, such as the print evidence at issue here, could have had a great deal of bearing on how the jury would view that victim's identification testimony.

In our previous opinion, we recounted that petitioner had presented alibi evidence that he was an inmate in a secure alcohol treatment facility at the time of the crimes. Although we concluded that defense counsel's failure to produce additional witnesses in support of petitioner's alibi did not constitute inadequate assistance of counsel, we believe that the strength of petitioner's alibi evidence is a factor we may consider in determining whether petitioner was prejudiced by trial counsel's failure to procure the handprint evidence. We conclude that additional evidence casting doubt on the victim's identification of petitioner as one of the perpetrators, when coupled with petitioner's alibi evidence, could have affected the result of this prosecution.

We adhere to our conclusion that trial counsel provided constitutionally inadequate assistance by failing to obtain and present the print evidence and that that failure could have had a tendency to affect the result of the prosecution.

Reconsideration allowed; opinion adhered to as modified.