Argued and submitted March 9, 2004, decision of Court of Appeals and judgment of circuit court affirmed December 30, 2005

# SHARON L. PEIFFER,
*Petitioner on Review,*

*v.*

# Sonia E. HOYT,
Superintendent,
Oregon Women's Correctional Center,
*Respondent on Review.*

## (CC 99C-18990; CA A115146; S50315)

125 P3d 734

J. Sara Dean Cromwell, Salem, argued the case and filed the briefs for petitioner. With her on the brief was Melinda M. Buel, Salem.

Kathleen Cegla, Assistant Attorney General, Salem, argued the cause and filed the briefs for respondent. With her on the briefs were Hardy Myers, Attorney General and Mary H. Williams, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

DURHAM, J.

---

**  Kistler, J., did not participate in the consideration or decision of this case.

**DURHAM, J.**

In this post-conviction relief proceeding, petitioner alleged that she received inadequate assistance of trial counsel in violation of Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution.[1] The post-conviction court determined that petitioner had not shown that her trial counsel was constitutionally inadequate and denied relief. In an en banc decision, the Court of Appeals affirmed. *Peiffer v. Hoyt*, 186 Or App 485, 63 P3d 1273 (2003). We allowed petitioner's petition for review and now affirm the decision of the Court of Appeals and the judgment of the post-conviction court.

On the morning of December 10, 1997, police officers executed a search warrant at a Marion County residence. The warrant authorized the officers to search for amphetamine, evidence of the sales and distribution of amphetamine, documents tending to show the source, ownership or control of amphetamine, and documents showing the identity of persons present or residing at the residence. Petitioner had stayed the previous night at the residence and was present during the search. An officer saw petitioner drop a wallet on the floor. He retrieved it and asked petitioner for identification, which she indicated was in the wallet. The officer opened the wallet and found an Oregon driver license that appeared altered but bore petitioner's photograph. The officer also found in the wallet three photographs of petitioner standing in front of a background that resembled the background used for driver license photographs. When questioned, petitioner admitted that the license and other items in her wallet, including credit cards and other driver licenses, were forged or stolen.

During their search of the residence, the police also found miscellaneous folders and a tote bag on top of a desk.

---

[1] Article I, section 11, provides, in part:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel[.]"

The Sixth Amendment provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defen[s]e."

The officer supervising the search contacted a detective from the property section of the criminal investigation unit and requested that he come to the residence. The supervising officer informed the detective that the officers present should not disturb the items on the desk. However, the record does not reveal whether the folders or tote bag were open or closed when the officers discovered them or, if the folders or tote bag were closed, which officer opened any of those items and for what purpose.

The detective found numerous items in the folders, including the following: an original check on which someone had attempted to erase the payee; four checks from the same payor made payable to Pyle, two checks in amounts exceeding $23,000; additional photographs of petitioner similar to the ones that the officer had found in her wallet; laminate material; a partially made Oregon driver license with petitioner's photograph, but issued to Pyle; and petitioner's correspondence. The detective also discovered, in the tote bag on the desk, several cans of spray adhesive that, according to the detective, may be used in creating false identification. One of those cans had petitioner's name on it.

The state indicted petitioner on two counts of attempted aggravated theft and two counts of first-degree forgery for the checks addressed to Pyle. Petitioner's trial counsel did not move to suppress the evidence that the officers had found during the search, and the court admitted that evidence during petitioner's bench trial. The court convicted petitioner on all four counts. The court also convicted petitioner of three misdemeanor charges resulting from the forged items found in her wallet.

Petitioner did not file a direct appeal. Instead, petitioner filed for post-conviction relief, alleging that her trial counsel had provided inadequate assistance of counsel in violation of Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. Specifically, she asserted that her trial counsel had been inadequate because he had "failed to file a motion to suppress the evidence which was seized illegally from [petitioner] and which, if such motion had been filed, would

have changed the outcome of [petitioner's] case." The post-conviction trial court denied relief, finding that "[p]etitioner failed to prove counsel [had been] ineffective for not filing a motion to suppress" because "[s]uch a motion would have been denied."

On appeal, petitioner argued that the warrant only authorized a search for drug-related evidence and that the search for and seizure of the forgery-related evidence was beyond the scope of that warrant and did not fall within an exception to the warrant requirement. In short, petitioner contended that the police were required to obtain a second warrant to seize the forgery-related evidence and that, because the police had not obtained a second warrant, a constitutionally adequate lawyer would have filed a motion to suppress on those grounds.

Defendant responded that the police had not been required to obtain a separate search warrant because they lawfully had been in the home, the forgery-related evidence had been in plain view, and the incriminating nature of that evidence had been immediately apparent. *See State v. Sargent*, 323 Or 455, 463 n 5, 918 P2d 819 (1996) (noting that evidence is admissible under the "plain view" doctrine when intrusion is valid and it is immediately apparent that items are incriminating). Defendant further argued that, to the extent that the forgery-related evidence had not been in plain view, the officers discovered that evidence while searching for evidence within the scope of the warrant—*i.e.*, documents related to the source or control of amphetamine or documents establishing the identity of persons present in the residence. Defendant contended that, as a result, the post-conviction court correctly determined that a trial court would have denied a motion to suppress and that petitioner's trial counsel either acted reasonably in failing to file such a motion or that petitioner suffered no prejudice as a result.

Based on the issues that the parties presented on appeal, the Court of Appeals determined that petitioner's claim that the post-conviction court should have granted her relief rested on the factual premise that the folders containing forgery evidence "were closed when the officers first came upon them, and [that] the officers did not open the folders to

look for anything for which the warrant authorized them to search; rather, they opened them to look for evidence of forgery." *Peiffer*, 186 Or App at 490. Because the post-conviction court had not found that petitioner had proved that factual premise, the Court of Appeals stated that,

> "for us to hold on appeal that the post-conviction court erred in not granting petitioner relief, petitioner must convince us that the evidence before the post-conviction court permitted only one reasonable conclusion—*i.e.*, that the folders were closed when the officers first found them and that the officers opened the folders to look for evidence of forgery."

*Id.* (footnote omitted).

The court then determined *sua sponte* that, before addressing the merits of petitioner's claim, it first must address whether petitioner had preserved that claim of error below. The court noted that petitioner did not claim in her trial memorandum to the post-conviction court that the evidence permitted only one reasonable conclusion, did not make a motion to withdraw the factual issue from the factfinder, and did not object to the post-conviction court's findings of fact on the ground that the evidence required the court to find the facts differently. The court concluded that,

> "[a]lthough petitioner urged the post-conviction court to find the facts in her favor, she never told the court that it was required to do so as a matter of law. The factual argument that petitioner made below failed to preserve the legal issue that she seeks to raise on review."

*Id.* at 491.

In so deciding, the Court of Appeals crafted a rule of preservation that this court previously has not recognized or applied. The Court of Appeals determined that a party who bears the burden of persuasion on an issue, such as petitioner in this context, must preserve at trial, by motion or by an objection to factual findings, a claim that the party, as a matter of law, must prevail on that issue. The court observed that, in a jury trial, a party must move to withdraw a factual issue from the jury in order to be entitled to raise on appeal the argument that the party should have prevailed on that issue as a matter of law. *Id.* at 492 (citing *Wood Int'l Corp. v.*

*Rose*, 271 Or 103, 105-06, 530 P2d 1245 (1975) (plaintiff did not preserve claim that trial court erred by submitting defendant's counterclaim to jury because plaintiff did not move to withdraw claim from jury or for directed verdict)). Likewise, in a trial to the court, the party that does not bear the burden of persuasion must move for a judgment of dismissal to raise on appeal the legal insufficiency of the opposing party's evidence. *See Falk v. Amsberry*, 290 Or 839, 843, 626 P2d 362 (1981) (holding that, in civil case tried to court, moving party may not raise on appeal the sufficiency of opposing party's evidence unless moving party first asserted legal insufficiency of the evidence in trial court). *See also* ORCP 54 B(2) (authorizing motion for judgment of dismissal by defendant in bench trial). The Court of Appeals decided that it would apply a similar preservation rule in the circumstances of this case. *Peiffer*, 186 Or App at 497.

The court also explained that it previously had applied such a preservation rule. *Id.* at 494. However, because a footnote in a prior Court of Appeals case had suggested a contrary rule, the court recognized that petitioner could have relied on that case and determined that it only should apply the newly announced preservation rule prospectively. *See Millsap v. Eugene Care Center*, 68 Or App 223, 228 n 4, 682 P2d 795, *rev den*, 297 Or 547 (1984) (indicating that preservation rule in *Falk* did not apply to party that bore burden of proof). The court, therefore, addressed the merits of petitioner's claim.

Respecting the merits, the Court of Appeals concluded that, on the basis of the record, it could not say that the post-conviction court had been required to find that the police had exceeded the scope of the warrant when they seized the forgery evidence in this case. The court determined that petitioner had not established that her counsel had been inadequate in failing to file a motion to suppress. It followed that petitioner had failed to sustain her burden to show that her trial counsel had been inadequate. Based on that reasoning, the court affirmed the judgment of the post-conviction court. *Peiffer*, 186 Or App at 498.

Judge Wollheim concurred in the outcome of the case but disagreed both with the creation of a new rule of

preservation *sua sponte* and with the substance of the rule itself. *Id.* at 499 (Wollheim, J. concurring). Judge Wollheim opined that such a preservation rule should not apply when, in an appeal from a bench trial, the party raising the claim concerning the effect of the evidence is the party with the burden of persuasion on that claim. *Id.* at 500. He emphasized that the purpose of the preservation requirement is to give the trial court an opportunity to decide the issue. *Id.* at 502. Judge Wollheim concluded that, because trial courts always decide whether the party with the burden of persuasion has presented sufficient evidence to support his or her claim, the trial court had an opportunity to decide the issue and "[t]here should be no requirement that the party make the meaningless motion before the trial court evaluates the sufficiency of the evidence." *Id.*

■    We must decide whether the preservation rule adopted by the Court of Appeals is consistent with this court's previously stated principles regarding preservation of error. We first examine the reasons supporting judicially created preservation requirements. In general, this court has based its rules regarding preservation of error on two concerns: (1) fairness to the parties in making and responding to arguments asserted in a case; and (2) efficient judicial administration. *See, e.g., Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) ("[t]his court has indicated that the rules pertaining to preservation of error in trial courts are intended to advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument"); *Shields v. Campbell*, 277 Or 71, 77-78, 559 P2d 1275 (1977) (the reason for requiring preservation "is not merely to promote form over substance but to promote an efficient administration of justice and the saving of judicial time"); *Vancil v. Poulson*, 236 Or 314, 320-21, 388 P2d 447 (1964) ("[a]ppellate courts should not decide new issues upon which the trial court had no opportunity to rule").

The preservation rules governing a claim on appeal that a party should have prevailed as a matter of law are based on those same concerns. As the Court of Appeals discussed, this court long has required parties to preserve for appellate review the claim that there is insufficient evidence

to support a verdict, *i.e.*, that the party should have prevailed on the evidence as a matter of law. *See, e.g., Marks v. First Nat. Bank*, 84 Or 601, 602-03, 165 P 673 (1917) (holding that party's challenge to sufficiency of evidence was not preserved because party did not move for directed verdict); *Shmit v. Day*, 27 Or 110, 116-17, 39 P 870 (1895) (holding that, to preserve challenge to sufficiency of evidence, party must move for nonsuit or for instruction to jury that it must find for that party). That rule applies both to the party with the burden of persuasion and to the party that does not bear the burden of persuasion on the challenged claim. *See Marks*, 84 Or at 602-03 (applying to plaintiff); *Shmit*, 27 Or at 116-17 (applying to defendant). This court has explained the purpose of that rule as follows:

> "Our imposition of this requirement in jury-tried cases was a specific application of the general rule of appellate procedure that an appellate court will not consider a question on appeal unless it has been first presented to and ruled upon by the lower court. The rule reflects the function of appellate review to correct errors of the trial court. Under this general rule no error has occurred where no ruling has been made by the court or requested by the litigant."

*Falk*, 290 Or at 843; *see also Vancil*, 236 Or at 324-25 (stating that purpose of rule is "to give the trial court the opportunity to rule upon the particular issue and to apprise one's opponent what particular deficiency of proof is asserted").

This court later extended that rule to challenges to the sufficiency of a plaintiff's evidence in civil cases tried to the court without a jury. In *Falk*, this court held that a party without the burden of persuasion on an issue cannot raise "the sufficiency of the plaintiff's evidence on appeal unless he has asserted the legal insufficiency of the evidence in the trial court." 290 Or at 843. This court based its decision to adopt that rule for cases tried to the court on the concerns that underlie all our preservation requirements—fairness and efficiency. The court stated:

> "The reasons for requiring a motion testing the sufficiency of the plaintiff's evidence in a jury trial as a condition for considering the sufficiency of the evidence on appeal apply with equal force in civil actions tried to the court. Lack of proof of a necessary fact may be overlooked if not

brought to the attention of the trial court. An appropriate motion may allow the trial court to avoid entry of an erroneous judgment if the necessary proof cannot be supplied, thus preventing appeals and retrials on that basis. The trial court's ruling may specify whether the ruling is on the weight of the evidence or due to a failure of proof, thus enabling the appellate court to identify and distinguish errors of law justifying a reversal of the judgment from resolution of questions of fact on which the trial court's judgment is conclusive."

*Id.*

In this case, the Court of Appeals extended the rule announced in *Falk* to a party who bears the burden of persuasion on an issue in a case tried to a court and who contends on appeal that it should have prevailed on its claim as a matter of law. As explained below, we do not agree that such a rule serves the purposes that underlie this court's preservation requirements.

■ Requiring the party with the burden of persuasion on a claim to make a motion for directed verdict (or another similar motion) when the court serves as the finder of fact does not promote judicial efficiency or fairness to the parties. The trial court in that circumstance bears the responsibility for weighing the evidence and evaluating the sufficiency of that evidence to support its judgment. The party who bears the burden of persuasion on a claim and who asserts that it must prevail on the evidence as a matter of law is asserting no more than that, on the evidence, a reasonable trier of fact cannot find for the opposing party. The absence of a special motion does not create the danger that the trial court will overlook that possibility in its examination of the weight and effect of the evidence. Thus, imposition of a preservation requirement in this context would not serve this court's interest in efficient judicial administration.

In regard to this court's concern for fairness, it seems undebatable that the party that does not bear the burden of persuasion at trial ordinarily is well aware that the party that does bear the burden of persuasion contends that it should prevail on the evidence. It therefore is unlikely that,

on appeal, the party that does not bear the burden of persuasion would be surprised by a specific argument from the party that had the burden of persuasion that that party should have prevailed as a matter of law. That is so, because that party's contention on appeal is that, considering the evidence as a whole, the record required the trial court to find for the party who bore the burden of persuasion. In most cases that we can conceive, the party that does not bear the burden of persuasion already has resisted that general argument below on the basis of whatever evidence is in the record.

Further, we find nothing in our prior case law or the Oregon Rules of Civil Procedure that requires a party to take particular steps to preserve the kind of issues now under consideration. We acknowledge that, prior to 1965, Oregon civil practice required either party in a trial to the court to object to the trial court's findings of fact, or to ask for additional or different findings, or to raise on appeal the argument that that party should have prevailed as a matter of law. *See Thompson, Georgeson, Inc. v. Ward,* 240 Or 429, 431, 400 P2d 557 (1965) (stating that objections to findings serve function of directed verdict at bench trial). However, that preservation requirement was based on *former* ORS 17.430 (1963), *repealed by* Or Laws 1965, ch 177, § 1. That statute was replaced by *former* ORS 17.431 (1965), which explicitly withdrew that preservation requirement. *See Clarke's Trucking v. Land Management,* 278 Or 153, 156, 562 P2d 976 (1977) (so stating); *see also former* ORS 17.431(6) ("Requests for findings or objections to findings are not necessary for purposes of appellate review."). The Oregon Rules of Civil Procedure later incorporated *former* ORS 17.431 into ORCP 62 E almost verbatim.

■ In view of the evolution of the pertinent rules described above and our conclusion that the Court of Appeals' preservation rule does not advance fairness or efficiency, we decline to require a party that bears the burden of persuasion at a court trial to raise, for preservation purposes, the claim that it should prevail on the evidence as a matter of law.

■ We turn to the merits of petitioner's claim. Petitioner makes the same arguments that she asserted in the Court of Appeals, namely, that the officers exceeded the scope of the

warrant when they searched for and seized forgery evidence and, therefore, that her trial counsel was constitutionally inadequate for failing to file a motion to suppress that evidence. This court reviews post-conviction proceedings for errors of law. *Moen v. Peterson*, 312 Or 503, 510 n 6, 824 P2d 404 (1991). The post-conviction court's findings of historical fact are binding on this court if sufficient evidence in the record supports them. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). If the post-conviction court fails to make findings of fact on all the issues, and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the post-conviction court's conclusion of law. *Id.*

■ Petitioner contends that she should have prevailed below as a matter of law because the evidence demonstrated that the officers conducted two separate searches of the residence and that the warrant clearly did not authorize the second search for forgery evidence. Petitioner's premise—that two searches occurred—may be incorrect. *See State v. Munro*, 339 Or 545, 124 P3d 1221 (2005) (officer's change of focus during later examinations of property seized pursuant to warrant does not create new invasions of privacy so long as later examinations adhere to scope of search authorized by warrant). But even assuming the correctness of that premise, petitioner cannot prevail on her claim. Petitioner necessarily would have had to show that the officers opened the folders or the tote bag, or both, on the desk to search for forgery evidence. The record, however, does not disclose whether the folders or tote bag were open or closed when the officers found them or, if they were closed, whether the officers opened them to search for forgery evidence as opposed to evidence covered by the warrant. We cannot say, on the basis of the record, that the evidence required the post-conviction court to find that the officers had exceeded the scope of the warrant when they discovered and seized the forgery evidence. Accordingly, we affirm the decision of the Court of Appeals.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.