Argued and submitted November 1, reversed and remanded December 5, 2007

MILES IRVIN McCLEOD,
*Petitioner-Respondent,*

*v.*

Benjamin DeHANN,
Director,
Department of Corrections,
*Defendant-Appellant.*

Washington County Circuit Court
C022109CV; A121913

173 P3d 1226

Timothy A. Sylwester argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General. On the reply brief was Brendan C. Dunn, Assistant Attorney General.

Marc Sussman argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

PER CURIAM

## PER CURIAM

The state appeals a judgment of the post-conviction court that determined that petitioner was denied effective and adequate assistance of counsel under the state and federal constitutions in his underlying criminal trial. The post-conviction court concluded that, because petitioner's trial counsel had not informed petitioner that he would be deported if he pleaded guilty, counsel's assistance fell below constitutional requirements. Initially, we granted petitioner's motion to summarily affirm based on our decision in *Gonzalez v. State of Oregon*, 191 Or App 587, 83 P3d 921 (2004). The Supreme Court subsequently reversed our decision in *Gonzalez v. State of Oregon*, 340 Or 452, 134 P3d 955 (2006), allowed the state's petition for review in this case, and remanded the case to us for reconsideration. *McCleod v. DeHann*, 341 Or 140, 139 P3d 258 (2006).

On remand from the Supreme Court, the state contends that we must remand the case to the post-conviction court so that it can first determine exactly what trial counsel told petitioner regarding deportation and then determine whether that advice was constitutionally inadequate or ineffective in light of the Supreme Court's decision in *Gonzalez*. Petitioner argues that, under *Peiffer v. Hoyt*, 339 Or 649, 660, 125 P3d 734 (2005), we must presume that the post-conviction court implicitly resolved in favor of petitioner any factual dispute about what advice was given by trial counsel. However, that presumption is inapplicable to this case where the post-conviction court explicitly stated that it would "not make a detailed factual finding on who said or did what regarding the deportation issue. This is because, under anyone's version of the facts, I must find ineffective assistance of counsel." (Footnote omitted.) Accordingly, we reverse and remand for the post-conviction court to make the requisite factual findings and to apply the Supreme Court's analysis in *Gonzalez*.

Reversed and remanded.