Submitted September 29, affirmed October 27, 2021, petition for review denied March 24, 2022 (369 Or 504)

JEREMY JAMES BONSIGNORE,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
18CV34968; A173616

499 P3d 165

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner appeals from a judgment denying post-conviction relief. He sought relief on the ground that trial counsel was constitutionally deficient under the state and federal constitutions in failing to ensure that he understood the terms of his plea agreement to burglary and manslaughter. He assigns error to the post-conviction court's denial of relief on that claim. We affirm.

Our review is for legal error, accepting the post-conviction court's factual findings if there is evidence to support them. *Montez v. Czerniak*, 355 Or 1, 8, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (citing *Peiffer v. Hoyt*, 339 Or 649, 660, 125 P3d 734 (2005)).

Here, the post-conviction court found that petitioner adequately understood the terms of the plea agreement. Those findings are supported by the record. The record shows that petitioner signed a plea agreement that acknowledged his understanding of its terms in addition to hearing those terms repeated by the court at the plea colloquy. In addition, trial counsel for petitioner declared that he reviewed the plea agreement with petitioner to ensure his understanding of it. The plea and sentencing agreement specified that petitioner would be sentenced to 60 months for his burglary conviction and 240 months for his manslaughter conviction. That same agreement included the express terms that petitioner "further stipulates that this sentence [for manslaughter] will be served consecutive to the burglary conviction (with firearm minimum sentence of 60 months)." Furthermore, the agreement reiterated that petitioner would serve a total of 300 months' imprisonment with a maximum 30-month reduction for good or earned time.

The post-conviction court's factual findings are supported by evidence in the record. Those factual findings preclude the determination that petitioner lacked understanding of this plea agreement and, therefore, preclude the conclusion that the petitioner was entitled to relief on his claim of inadequate and ineffective assistance of counsel. We therefore affirm.

Affirmed.