Submitted January 12, 2021, affirmed March 2, petition for review denied July 7, 2022 (370 Or 56)

NICOLAS HERNANDEZ,
*Petitioner-Appellant,*

*v.*

Dan BERGER,
Superintendent,
MacLaren Youth Correctional Facility,
*Defendant-Respondent.*

Marion County Circuit Court
17CV38258; A171369

506 P3d 455

Petitioner filed a petition for post-conviction relief asserting that his trial counsel was constitutionally deficient because she did not advise him of all the elements the state would have to prove at a trial for aggravated murder based on aiding and abetting before he entered into a plea agreement. On appeal, petitioner contends that the trial court incorrectly framed the performance prong inquiry as a credibility contest between trial counsel and defendant as to whether counsel advised defendant of the elements where petitioner's and trial counsel's testimonies did not actually conflict. Consequently, petitioner contends that the trial court's "factual finding" that the case reduces to a credibility contest is not supported by the record. *Held*: The Court of Appeals did not understand the post-conviction court to have made the factual findings alleged by petitioner. Furthermore, the post-conviction court did not err when it denied petitioner's petition, because there was insufficient evidence that he was prejudiced by any deficiency in counsel's advice.

Affirmed.

Dale Penn, Senior Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.

MOONEY, P. J.

Affirmed.

### MOONEY, P. J.

Petitioner filed a petition for post-conviction relief asserting that his trial counsel was constitutionally deficient because she did not advise him before entering into a plea agreement that, to obtain four convictions of attempted aggravated murder based on aiding and abetting, the state was required to prove that petitioner knew that there were four occupants in the car into which his passenger fired a firearm. He appeals, assigning error to the post-conviction court's denial of that claim. We affirm.

We review a post-conviction court's determinations for legal error, *Montez v. Czerniak*, 355 Or 1, 8, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (citing *Peiffer v. Hoyt*, 339 Or 649, 660, 125 P3d 734 (2005)), and we accept its findings of historical fact when "they are supported by evidence in the record." *Davis v. Cain*, 304 Or App 356, 358, 467 P3d 816 (2020). In the absence of express findings of fact, and the evidence could support more than one factual conclusion, we "presume that the facts were decided in a manner consistent with the [court's] ultimate conclusion." *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). We state the pertinent facts from the record in accordance with that standard.

A grand jury indicted petitioner on four counts of attempted aggravated murder and one count of conspiracy to commit murder. Those charges were based on evidence that petitioner, then 17 years old, was driving a car when his passenger fired a gun at a car with four occupants. Petitioner pleaded guilty to all four counts of attempted aggravated murder in exchange for the state's agreement to move to dismiss the conspiracy count and to recommend a total incarcerative sentence of 216 months. The court granted the motion to dismiss and followed the state's sentencing recommendation.

Petitioner filed a petition for post-conviction relief asserting ineffective assistance of counsel based on Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, which the post-conviction court denied. Petitioner contends that the post-conviction court incorrectly framed the

performance prong inquiry as a credibility contest, because petitioner's testimony did not conflict with trial counsel's on the ultimate fact of whether trial counsel advised petitioner that, to obtain four convictions for attempted aggravated murder, the state would need to prove that he intended to kill each of the four occupants of the car. Consequently, petitioner contends that the post-conviction court's "factual finding" that the case reduces to a credibility contest is not supported by the record and we should reverse or, alternatively, remand for the post-conviction court to reconsider the evidence. We disagree.

Petitioner accurately notes that the state did not offer testimony that trial counsel had advised petitioner that, for the state to obtain multiple convictions for attempted aggravated murder, it would be required to prove that petitioner knew that the car into which his passenger had fired held four occupants. The state did, however, offer trial counsel's sworn declaration that petitioner had told her that "he was aware there were several persons in the vehicle." Petitioner, on the other hand, testified that he did not know that there was more than one person in the car. Thus, the record sufficiently establishes the existence of a credibility contest between petitioner and trial counsel as to *that* key point, one that the post-conviction court resolved in favor of trial counsel.

To the extent that petitioner is arguing that the court erroneously found a credibility dispute with respect to the testimony of trial counsel and that of petitioner on the point of whether counsel advised petitioner of the elements of the offense, and then resolved that contest by finding that trial counsel did advise petitioner on the elements of the offense, we do not understand the court to have made those findings. Beyond that, the court was not required—based on this record—to find either that counsel did *not* inform petitioner of the state's proof obligation, or that petitioner did not know the state's proof obligation at the time of his plea. As the superintendent points out, in the plea petition and the plea colloquy, petitioner agreed that he "intentionally attempted to cause the deaths" of four named individuals, which tends to suggest that petitioner was aware of the elements of the state's case, undermining petitioner's claim

that he was prejudiced by any deficiency in counsel's advice. In other words, on this record, the court permissibly found that petitioner failed to meet his burden of proof, as it stated in its judgment.

Petitioner's reliance on *Aquino v. Baldwin*, 163 Or App 452, 991 P2d 41 (1999), *adh'd to as modified on recons*, 169 Or App 464, 12 P3d 51 (2000), is misplaced because *Aquino* concerned a factual finding that was not supported by evidence in the record. Because the finding was not supported by the record there, we concluded that we were not bound by it. Here, the evidence supports the court's finding that there was an inconsistency between petitioner's testimony and that of his trial counsel. It follows that the court's credibility findings were also supported by the evidence and we are, thus, accordingly bound by those findings.

Affirmed.