Submitted March 4, affirmed April 20, petition for review denied July 28, 2022
(370 Or 197)

JACK LEE OSBORNE,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
18CV37811; A174206

509 P3d 747

J. Burdette Pratt, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals from a judgment denying his petition for post-conviction relief. Petitioner was convicted of attempted second-degree assault, third-degree assault, and unlawful use of a weapon after he and another person attacked the victim with a knife. He sought post-conviction relief on the ground that trial counsel was constitutionally deficient in failing to call a witness at trial who, according to petitioner, would have testified that petitioner did not have a knife. The post-conviction court denied relief on that claim, as well as on petitioner's related claim that he suffered cumulative error, and petitioner assigns error to that denial. We affirm.

Our review is for legal error, accepting the post-conviction court's factual findings if there is evidence to support them. *Montez v. Czerniak*, 355 Or 1, 8, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (citing *Peiffer v. Hoyt*, 339 Or 649, 660, 125 P3d 734 (2005)). The post-conviction court found that the state and trial counsel had both made efforts to find the witness but had been unable to locate her in part because she was houseless; those findings are supported by the record. The post-conviction court thus concluded that petitioner had not proved that trial counsel failed to make reasonable efforts to find the witness, upon which his claim of ineffective assistance of counsel depends. The court further concluded that petitioner had failed to prove prejudice, because petitioner did not provide admissible evidence of what the witness's testimony would have been had she been located. The post-conviction court's legal conclusions are supported by the facts upon which they rely and it therefore correctly rejected petitioner's claim for relief.[1] We therefore affirm.

Affirmed.

---

[1] Petitioner separately assigns error to the post-conviction court's conclusion that he had not suffered cumulative error, but petitioner combines argument on that assignment with his first assignment of error because, according to petitioner, they present the same legal question. As we understand it, his cumulative error claim is part of his argument that he suffered prejudice. Because we reject his first claim of error, we also reject his second.