No. 170          February 26, 2025          299

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MICHAEL RAY KOENIG,
*Petitioner-Appellant,*

*v.*

JAMIE MILLER,
*Superintendent,*
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV05699; A181998

Claudia M. Burton, Senior Judge.

Submitted January 28, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner appeals from a judgment denying his petition for post-conviction relief. After a bench trial on two cases that were consolidated for trial, petitioner was convicted of three counts of rape in the first degree, two counts of assault in the fourth degree, and one count of sodomy in the first degree.

In particular, and at issue in this appeal, a stipulated amended indictment in one of the cases alleged the same acts as in the original indictment, but within a later date range. Petitioner sought post-conviction relief, contending that trial counsel was "ineffective in stipulating to the amended indictment because the amendment changed the indictment from acts that were barred by the statute of limitations to acts within the statute of limitations." Petitioner argues that competent counsel would have objected to the amended indictment, and that he was prejudiced by counsel's failure to do so.

The post-conviction court denied relief, stating that petitioner "cannot establish that competent counsel would have objected to the amended indictment or that he was prejudiced by the amended indictment" as it "was clear that the court's verdict was based on testimony [about] events occurring within the statute of limitations" and further that "had trial counsel objected to the amended indictment the most likely outcome is that the prosecutor would have gone back to the grand jury and obtained a new indictment, and the court still would have convicted petitioner."

To establish inadequate or ineffective assistance of counsel, a petitioner must prove both a performance element and a prejudice element, by a preponderance of the evidence. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards for inadequate and ineffective assistance of counsel under the state and federal constitutions). Our review is for legal error, accepting the post-conviction court's factual findings if there is evidence to support them. *Montez v. Czerniak*, 355 Or 1, 8, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (citing *Peiffer v. Hoyt*, 339 Or 649,

660, 125 P3d 734 (2005) and *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002)).

Having reviewed the briefing, the relevant portions of the record, and the applicable law, we affirm. We note that, even if competent counsel would have objected, we conclude that petitioner did not establish prejudice.

Affirmed.