580 December 10, 2025 No. 1067

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ORLANDO LEE POUNCEY,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent, Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV01053; A182792

Patricia A. Sullivan, Senior Judge.

Argued and submitted September 9, 2025.

Laura Graser argued the cause for appellant. On the briefs was Daniel J. Casey.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Petitioner appeals from the denial of his petition for post-conviction relief. Petitioner raises eight assignments of error asserting that the post-conviction court erred in denying relief because his counsel was inadequate and ineffective in multiple respects; his waivers of his right to testify and his right to a jury trial on Count 3 were not knowing, intelligent, and voluntary; and that he was prejudiced by "cumulative error." The state responds that affirmance is appropriate because each assignment of error fails either because petitioner's testimony was determined to not be credible, petitioner failed to show that trial counsel acted unreasonably, or because petitioner did not demonstrate prejudice. For the reasons explained below, we affirm.

Post-conviction proceedings are reviewed for errors of law. *Peiffer v. Hoyt*, 339 Or 649, 660, 125 P3d 734 (2005). We are bound by the post-conviction court's findings of historical fact "if sufficient evidence in the record supports them." *Id.* If the post-conviction court does not make an explicit finding of fact on a particular issue, "and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the post-conviction court's conclusions of law." *Id.*

Petitioner's convictions are based on the shooting death of J, who was the ex-husband of petitioner's girlfriend, L. Petitioner was indicted on three counts: murder (Count 1), unlawful use of a weapon (Count 2), and felon in possession of a firearm (Count 3). He elected to try Count 3 to the court, and to proceed to a jury trial with a self-defense theory on Counts 1 and 2. The jury found petitioner guilty on both counts, and the court convicted him of felon in possession of a firearm.

The standards regarding inadequate assistance under the Oregon Constitution, and ineffective assistance under the United States Constitution are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487 (2014). To prevail on a claim of ineffective or inadequate assistance of counsel, a petitioner must show "that trial counsel failed to exercise reasonable professional skill and

judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). To prove prejudice, a petitioner must establish that trial counsel's deficient performance had a "tendency to affect the result of the prosecution \* \* \*." *Id.* (internal quotation marks and citation omitted).

The parties focused on the fourth assignment of error at oral argument, and that is where we begin our analysis. In his fourth assignment of error, petitioner argues that the post-conviction court erred by denying relief on his claim that trial counsel was constitutionally deficient by failing to move to exclude evidence of the $50,000 retainer fee L paid to trial counsel to represent petitioner, failing to move to strike the prosecution's argument about that fee evincing a murder-for-hire scheme, and failing to object to such evidence and argument and move for a mistrial. At trial, the state introduced a retainer agreement showing that L had paid $50,000 for trial counsel to represent petitioner. The deputy district attorney argued that the agreement provided evidence that petitioner was paid by L to murder J, which was a theory the state buttressed with testimony from several witnesses—jailhouse cellmates of petitioner—who testified about the murder-for-hire plot. Petitioner's trial attorney did not object to admission of the retainer agreement coming into evidence, or to the argument.

Though there is some dispute about the adequacy of preservation, we assume, without deciding, the issues raised by petitioner in his fourth assignment of error are adequately preserved. We also assume, without deciding, that trial counsel was inadequate in the ways identified by the petitioner. However, due to petitioner's failure to demonstrate prejudice, we affirm the post-conviction court's decision.

Regarding the merits of petitioner's claim, the post-conviction court determined that "trial counsel was deficient in not objecting to the state's argument" about the retainer fee evidence. The post-conviction court also determined that trial counsel was deficient for failing to move to exclude evidence about the retainer fee. But the post-conviction court determined that petitioner did not prove prejudice because

it determined that the retainer fee evidence and related argumentation by the prosecutor was cumulative of other properly admitted evidence in terms of illustrating L's bias, and in that sense, "petitioner is not able to show that * * * the outcome would have been different." The jury during petitioner's criminal trial also heard evidence from petitioner's former cellmates that petitioner had been paid by L to kill the victim.

Given those circumstances, we agree with the post-conviction court that petitioner did not prove the prejudice prong of his inadequate assistance claim.

In seeking a different result, petitioner argues that the retainer agreement created a different type of prejudice because admission of the retainer fee agreement prejudiced petitioner as an improper comment on his right to counsel or diminished trial counsel's credibility so significantly that petitioner was denied a fair trial, which is an argument that the post-conviction court did not explicitly address in its ruling. Petitioner relies on *State v. Knight*, 343 Or 469, 482-85, 173 P3d 1210 (2007), to support his argument. The state responds that the retainer fee evidence in this case is distinguishable from the improper evidence at issue in *Knight*. The state argues that the evidence in *Knight* cast a "directly" negative light on counsel, whereas, in this case, the state "never relied on the evidence to argue that trial counsel was compromised or untrustworthy[,]" and any negative inference that may have been drawn between the evidence and trial counsel would have been "tenuous."

We agree with the state that *Knight* is distinguishable. The type of evidence in *Knight*—an audio recording of the defendant disparaging his counsel—is different than the type of evidence at issue here, and the evidence here does not undercut counsel's credibility in the same way that the audio recording in *Knight* did. Thus, in our view, the trial court did not err in determining that petitioner did not prove that "it is reasonably likely that the result of the trial would have been different had [trial] counsel acted differently" by moving to exclude or otherwise mitigating the retainer fee evidence. *See Burcham v. Franke*, 265 Or App 300, 313, 335 P3d 298 (2014) (internal quotation marks and

citation omitted). We thus reject the fourth assignment of error. In reaching that conclusion, we highlight that at petitioner's trial the state did not argue that petitioner's trial counsel knew he was not defending an innocent person or that he agreed to the third-party payment arrangement as a willing participant in a murder-for-hire scheme.

We turn to petitioner's other assignments of error, which also do not entitle him to relief. We reject those assignments of error because the record supports the post-conviction court's findings, *see Peiffer*, 339 Or at 660, and the post-conviction court's legal conclusions were not incorrect given those findings.

In his first assignment of error, petitioner argues that the post-conviction court erred by denying him relief on his claims of inadequate and ineffective assistance involving trial counsel's advice that (1) petitioner should not testify at trial and (2) that he should waive his right to a jury trial on Count 3. As we understand it, petitioner's view is that any advice trial counsel provided to him about waiving his right to testify at trial and his jury right on Count 3 was premised on preventing jurors from learning about petitioner's prior felony conviction, and that that advice was deficient because jurors learned of Count 3 and the predicate felony during *voir dire*. The state argues that petitioner failed to prove trial counsel provided constitutionally deficient advice.

The record supports the post-conviction court's determinations that, overall, trial counsel served as a "vigorous pre-trial advoca[te,]" provided "capable defense at trial," and did not provide deficient advice. The record reflects extensive discussions between the trial court and petitioner about each waiver, and the post-conviction court determined that petitioner was not credible during his post-conviction court testimony regarding when he made the decision not to testify.

To the extent that petitioner argues that we should infer that trial counsel failed to provide adequate advice given that Count 3 and the associated predicate felony were mentioned during *voir dire*, petitioner's argument is unpersuasive. Petitioner's post-conviction counsel deposed trial

counsel and did not ask about either waiver. Petitioner did not provide an affidavit or subpoena additional testimony from trial counsel regarding either waiver. And although petitioner provided his own testimony regarding the waivers, the post-conviction court determined petitioner was "not credible that he had decided to testify prior to the trial and then changed his mind due to trial counsel's deficiencies," and petitioner was "not credible that he did not know that the jury heard about Count [3]" during juror orientation. The post-conviction court implicitly rejected the balance of petitioner's testimony regarding the waivers as not sufficient to prove his allegation of inadequate or ineffective assistance of counsel.

In his second assignment of error, petitioner argues that the post-conviction court erred by denying relief on his inadequate and ineffective assistance of counsel claim involving trial counsel's failure to ensure the jury did not learn of Count 3 or petitioner's prior criminal history, and failure to request that the jury be instructed to not consider anything mentioned during *voir dire*. The post-conviction court determined that trial counsel's performance "was technically deficient" by not filing the jury waiver on Count 3 in time to prevent any mention of it during *voir dire*, but it found that "petitioner is not able to show prejudice." The record supports those determinations because the trial court instructed jurors to base their decision only on evidence admitted at trial, and the mention of Count 3 during *voir dire* occurred three to four weeks prior to the start of trial, which decreased the likelihood of jurors remembering or relying on that information.

In his third assignment of error, petitioner argues that the post-conviction court erred by denying relief on his claims that his two waivers were not knowing, intelligent, and voluntary. In petitioner's view, trial counsel's failure to advise and explain to petitioner that there was minimal benefit to waiving his right to testify and his jury right on Count 3 was deficient. Count 3 was mentioned during *voir dire*, so the jury had heard that the state alleged he was a felon at the time of the offenses and giving up the jury on Count 3 did not prevent them from learning of it. Further, he

argued, had petitioner testified during trial, the only crim-
inal history that the state could have utilized for impeach-
ment purposes would be related to the predicate felony asso-
ciated with Count 3. Finally, counsel failed to convey that
petitioner's testimony could be crucial for his self-defense
theory. He argued that these deficiencies together rendered
his waivers not voluntary, intelligent, and knowing.

There is sufficient evidence in the record to support
the post-conviction court's determination that both of peti-
tioner's waivers were voluntary, intelligent, and knowing.
As previously noted, the record reflects extensive colloquies
between the trial court and petitioner ensuring the validity
of the waivers. To the extent that petitioner argues he did
not understand the contours of his waiver decisions after
Count 3 was mentioned during *voir dire*, as discussed above,
petitioner had the burden of proof and adduced no evidence
that the post-conviction court found to be credible about any
advice he was or was not provided by trial counsel.

In his fifth assignment of error, petitioner argues
that the post-conviction court erred by denying relief on
his claim regarding trial counsel's failure to impeach eye-
witness testimony of R. Petitioner asserts that prior to trial,
trial counsel and his investigator interviewed eye-witness
R, and that R said J was at or near the threshold of the
garage at the time petitioner shot J. During trial, R testified
to J being farther away from the threshold of the garage at
the time petitioner shot him. Given the importance of J's
location at the time of the shooting with regard to petition-
er's self-defense theory, petitioner argues that trial counsel
rendered inadequate and ineffective assistance of counsel
by not impeaching R with his prior inconsistent statement.

The record contains sufficient support for the
post-conviction court's determination that trial counsel's
approach to the cross-examination of R was reasonable:
during his deposition, trial counsel explained that R had
used highly precise language during his testimony and
described the entire sequence of events in a very detailed
and precise manner, and that therefore trial counsel deter-
mined it would be unlikely that R would "budge" on his
testimony of where J was at the time of the shooting. Trial

counsel reasonably believed it would have been ineffective or unsuccessful to attempt to impeach R.

In his sixth assignment of error, petitioner argues that the post-conviction court erred by denying petitioner relief on his claim that trial counsel was deficient by failing to call defense expert K as a witness at trial. The post-conviction court determined that counsel made a reasonable strategic decision not to call the expert witness and that petitioner did not carry his burden to show what the expert would have testified had he been called. The deposition of trial counsel supports the post-conviction court's determination that trial counsel's decision to not call K was reasonable. Trial counsel explained that one of the state's expert witnesses testified that J was crouching at the time of the shooting. Although the state's expert witness characterized that as "defensive" crouching, trial counsel argued that was evidence of J crouching in an aggressive or charging stance. Nonetheless, even if we were to assume that trial counsel was deficient by failing to call K as an expert witness, to demonstrate prejudice, "it is incumbent on the petitioner to provide evidence by affidavit, testimony or otherwise as to what [the] testimony would have been so as to allow an evaluation of the likely effect of that testimony at trial." *Burcham*, 265 Or App at 315-16 (brackets in *Burcham*; internal quotation marks and citation omitted). The post-conviction court determined that petitioner did not adduce sufficient evidence to demonstrate what K's testimony would have been, and there is support in the record for that finding.[1]

In his seventh assignment of error, petitioner argues that the post-conviction court erred by denying relief on his claim that trial counsel was constitutionally deficient by failing to object to vouching statements made by two prosecutors during closing argument, and by failing to move to strike, mitigate, or seek mistrial based on those statements.

Attorneys "have substantial leeway to argue about the evidence," including with regard to witness credibility.

---

[1] It appears that petitioner relied on diagram images prepared by K in advance of trial and deposition testimony from trial counsel about the potential general content of K's testimony had he been called. Petitioner did not submit an affidavit or testimony from K to the post-conviction court.

*Davis v. Cain*, 304 Or App 356, 364, 467 P3d 816 (2020) (emphasis omitted). However, "'[i]t is improper for counsel to interject [their own] personal appraisal of the witnesses' credibility in a way which would suggest to the jury that the appraisal is based upon counsel's own knowledge of facts not introduced into evidence.'" *Id.* (quoting *State v. Parker*, 235 Or 366, 377-78, 384 P2d 986 (1963)). The state argues that the statements were not true vouching, and that they were proper arguments based on the evidence. Even if we were to assume that the post-conviction court erred in determining that the prosecution's comments at issue did not constitute improper vouching, petitioner cannot establish prejudice. Given the significant inconsistencies in L's testimony, along with the evidence disputing petitioner's theory of the case, we cannot say that any insinuation by the prosecutors that they did not believe L had a "tendency to affect the result of the [trial]." *Trujillo*, 312 Or at 435 (internal quotation marks and citation omitted). This case is distinguishable from *Davis*, on which petitioner relies, because the state's case did not hinge on L's credibility; there was testimony provided by a disinterested eyewitness (R), in addition to testimony from two individuals that petitioner said L agreed to pay him to murder J, physical evidence, and expert testimony. *Cf. Davis*, 304 Or App at 359 ("The prosecutor and defense counsel both told the jury that the key issue for the entire trial was [one witness's] credibility.").

Petitioner's eighth assignment of error, in which he argues that the post-conviction court erred by denying relief to petitioner on the basis of cumulative error, also does not entitle him to relief. As the post-conviction court determined, cumulative error is not recognized in Oregon as a basis for post-conviction relief. *See Ryan v. Palmateer*, 338 Or 278, 294-97, 108 P3d 1127, *cert den*, 546 US 874 (2005) (rejecting a similar theory of "structural error").

Affirmed.